UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GREGORY D. BOLIN, | ) | |
| Petitioner, | ) | 3:07-CV-00481-RLH-VPC |
| vs. | ) | |
| E.K. McDANIEL, *et al.*, | ) | **ORDER** |
| Respondents. | ) | |

On November 8, 2010, respondents filed a motion to dismiss petitioner Bolin's second amended petition for writ of habeas corpus, in which they raised procedural defenses, including lack of exhaustion, to claims contained in the petition. Docket #59. On March 9, 2011, Bolin filed a motion to stay and hold proceedings in abeyance while he pursues state court exhaustion. Docket #71. He accompanied that motion with a request to defer briefing on respondents' motion to dismiss, which the court granted. Docket ##70/72. On March 23, 2011, respondents filed their response to the motion for stay and abeyance. Docket #75. On April 4, 2011, Bolin filed his reply. Docket #76. The motion is now before the court for decision.

**I.    Background**

On July 15, 1996, a jury sitting in the state district court for Clark County, Nevada, returned a verdict finding Bolin guilty of first-degree kidnaping, sexual assault, and first-degree murder. At the conclusion of the penalty phase, the jury found three aggravating circumstances and no mitigating circumstances. Bolin was sentenced to death.

On May 19, 1998, Bolin's convictions and death sentence were affirmed on direct appeal. *Bolin v. State*, 114 Nev. 503, 960 P.2d 784 (1998). Bolin timely filed a motion for rehearing which was denied on August 27, 1998, by the Nevada Supreme Court. His subsequent petition for a writ of certiorari to the U.S. Supreme Court was also denied. *Bolin v. Nevada*, 525 U.S. 1179 (1999).

Bolin initiated state post-conviction proceedings on April 22, 1999. On July 28, 2005, the state district court entered an Amended Findings of Facts, Conclusions of Law and Order denying Bolin's state district court petition. The Nevada Supreme Court affirmed that denial of relief on June 22, 2007. On November 19, 2007, Bolin filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on February 25, 2008. *Bolin v. Nevada*, 552 U.S. 1231 (2008).

On October 15, 2007, Bolin filed the proper person § 2254 petition for writ of habeas corpus that initiated his current case in the federal district court. On November 9, 2007, the district court appointed the Federal Public Defender's Office (FPD) to represent Bolin during his federal habeas corpus proceedings. The FPD was later relieved as counsel due to an irreconcilable conflict. On February 6, 2009, Saor Stetler was appointed as new counsel.

On July 30, 2009, Bolin filed the second amended petition for writ of habeas corpus.

**II.   Discussion**

Bolin requests that this court stay and hold in abeyance his federal habeas proceedings while he returns to state court to exhaust his remedies for his currently unexhausted claims. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that, to prevent petitioners from having unexhausted claims time-barred under AEDPA,[1] a district court has discretion to stay, rather than dismiss, a mixed petition (i.e., a petition containing both exhausted and unexhausted claims). *Id* at 275.

The Court also held, however, that that discretion is limited by AEDPA's twin purposes: "reduc[ing] delays in the execution of state and federal criminal sentences" and encouraging state "petitioners to seek relief from state courts in the first instance." *Id.* at 276 (internal quotation marks

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996.

2

1  omitted).  Thus, the Court concluded that stay-and-abeyance is appropriate only when the district
2  court determines that there was "good cause" for the petitioner's failure to exhaust his claims and is
3  improper when the unexhausted claims are "plainly meritless" or where the petitioner has engaged in
4  "abusive litigation tactics or intentional delay." *Id*. at 277-78.  When the foregoing requirements for
5  a stay are not met, "the court should allow the petitioner to delete the unexhausted claims and to
6  proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the
7  petitioner's right to obtain federal relief." *Id*.

8  Bolin concedes that his pending petition contains claims that are unexhausted.  Docket #71,
9  p. 4.  *Rhines* does not go into detail as to what constitutes good cause for failure to exhaust; and, the
10 Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an
11 "extraordinary circumstances" standard.  *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (citing
12 *NLRB v. Zeno Table Co.*, 610 F.2d 567, 569 (9th Cir. 1979)).  Many district courts have concluded
13 that the standard is more generous than the showing needed for "cause" to excuse a procedural
14 default.  *See*, *e.g*., *Rhines v. Weber*, 408 F.Supp.2d 844, 849 (D. S.D. 2005) (applying the Supreme
15 Court's mandate on remand).  This view finds support in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005),
16 where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the
17 timeliness of his federal petition would generally constitute good cause for his failure to exhaust
18 state remedies before filing his federal petition.  544 U.S. at 416-17.

19 On the other hand, a request for a *Rhines* stay must be assessed "in light of the Supreme
20 Court's instruction that the district court should only stay mixed petitions in 'limited
21 circumstances.'"  *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (citing *Rhines*, 544 U.S.
22 at 273-75).  In *Wooten*, the petitioner tried to show good cause under *Rhines* "by stating that he was
23 'under the impression' that his counsel included all of the issues raised before the California Court of
24 Appeal in his petition before the California Supreme Court."  540 F.3d at 1024.  Finding that
25 justification inadequate, the Ninth Circuit explained as follows:

26 . . . To accept that a petitioner's "impression" that a claim had been included in
an appellate brief constitutes "good cause" would render stay-and-obey orders

3

> routine. Indeed, if the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petitioner, at least those represented by counsel, could argue that he *thought* his counsel had raised an unexhausted claim and secure a stay. Such a scheme would run afoul of *Rhines* and its instruction that district courts should only stay mixed petitions in "limited circumstances."

*Id*. (emphasis in original, citation omitted).

Bolin identifies several factors that, according to him, provide ample justification for granting stay and abeyance. As to establishing good cause for failing to exhaust state court remedies, however, he offers little more than a general claim that his state post-conviction counsel was ineffective for not raising "all meritorious claims for relief." Docket #71, p. 13-16; docket #76, p. 3-4. As support for his argument that post-conviction counsel's ineffective performance constitutes good cause, he notes that this court, in *Riner v. Crawford*, 415 F.Supp.2d 1207 (D.Nev.2006), only required a petitioner to show "that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence." *Id*. at 1211.

The decision in *Wooten*, however, undermines Bolin's reliance on *Riner*. Conceivably, the acts or omissions of a habeas petitioner's state post-conviction counsel could, in some cases, rise to the level of establishing "good cause" under *Rhines*. Here, however, Bolin's claim of ineffectiveness is so broad and lacking in specific allegations that – like the petitioner's claim in *Wooten* that he was under the impression that counsel had raised unexhausted claims – it could be raised in virtually every case.[2][3] In short, acceptance of Bolin's good-cause theory would conflict with the Supreme

---

[2] In reaching this conclusion, the court included in its consideration the allegations under Claim 54 in Bolin's second amended habeas petition, wherein he seeks relief based on state post-conviction counsel's allegedly ineffective performance. Docket #49, p. 520-522.

[3] The court is not inclined, at this point, to permit Bolin to factually develop his allegations as to state post-conviction counsel's performance. The court doubts that the Supreme Court contemplated such use of judicial resources when it fashioned the *Rhines* standard.

Court's guidance, in *Rhines*, that mixed petitions should only be stayed in limited circumstances, and it would run contrary to the goals of AEDPA.

**IT IS THEREFORE ORDERED** that petitioner's motion for stay and abeyance (docket #71) is DENIED.

**IT IS FURTHER ORDERED** that petitioner shall file his response to respondents' motion to dismiss (docket #59) within **thirty (30) days** of the date this order is entered.

**IT IS FURTHER ORDERED** that, in all other respects, the schedule set forth in the scheduling order entered on May 1, 2009 (docket #46), shall remain in effect.

DATED:  May 6, 2011.

_____
UNITED STATES DISTRICT JUDGE