1
2
3
4
5           **UNITED STATES DISTRICT COURT**
6               **DISTRICT OF NEVADA**
7
8
GREGORY D. BOLIN,                          )
9                                          )
          Petitioner,                      )       3:07-CV-00481-RLH-VPC
10                                         )
vs.                                        )
11                                         )       **ORDER**
E.K. McDANIEL, *et al.*,                   )
12                                         )
          Respondents.                     )
13  _____ /

14          Petitioner Bolin has filed a motion seeking reconsideration of this court's order denying his

15  motion for stay and abeyance (docket #77).  Docket #78.

16          In denying Bolin's motion for stay and abeyance, this court concluded that Bolin has not

17  established "good cause" for failing to exhaust state court remedies as required by the Supreme

18  Court in *Rhines v. Weber*, 544 U.S. 269 (2005).  More specifically, the court relied on *Wooten v.*

19  *Kirkland*, 540 F.3d 1019 (9th Cir. 2008), to reject Bolin's claim that he could meet the good cause

20  standard because his state post-conviction counsel had not provided him with effective

21  representation:

22                  . . . Bolin's claim of ineffectiveness is so broad and lacking in specific
            allegations that – like the petitioner's claim in *Wooten* that he was under the
23          impression that counsel had raised unexhausted claims – it could be raised in virtually
            every case.  In short, acceptance of Bolin's good-cause theory would conflict with the
24          Supreme Court's guidance, in *Rhines*, that mixed petitions should only be stayed in
            limited circumstances, and it would run contrary to the goals of AEDPA.
25

26  Docket # 77, p. 4-5 (footnotes omitted).

1    Bolin argues that the court failed to recognize that his good cause showing is distinguishable

2 from the one proffered by the petitioner in *Wooten* and, contrary to the court's reasoning, granting a

3 stay in this case would not conflict with the Supreme Court's admonition that a stay is appropriate

4 only in limited circumstances.  In addition, he contends that the court's determination that his claim

5 of ineffective assistance does not amount to good cause conflicts with Ninth Circuit case law and the

6 prevailing position of the district courts in the circuit, including this one.  For the reasons that follow,

7 the court declines to reconsider its decision to deny stay and abeyance.

8    To begin with, this court is not convinced that the Ninth Circuit case law says what Bolin

9 claims it does.  According to Bolin, *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005), requires

10 this court "to balance the respective equities . . . in making its good cause determination," which it

11 failed to do.  Docket #78, p. 6.  While the *Jackson* court held that the lower court erred by rigidly

12 imposing an overly strict good cause standard (i.e., extraordinary circumstances), nowhere in the

13 opinion does the court state that determining good cause for failure to exhaust necessarily involves a

14 weighing of respective equities.

15    Certainly, the Supreme Court in *Rhines* called for the consideration of other factors in

16 determining whether stay and abeyance is appropriate  – i.e., whether the unexhausted claims are

17 potentially meritorious and whether the petitioner has engaged in intentionally dilatory tactics.

18 *Rhines*, 544 U.S. at 277-78.  The Court's opinion makes clear, however, that good cause for failure

19 to exhaust is a threshold requirement:

20    Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district

21    court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

22

23 *Id*. at 277.  Where good cause for failure to exhaust is absent, there is no reason for the court to

24 address the other components of the inquiry.

25

26

1       Petitioner's arguments notwithstanding, the fact remains that, beyond *Jackson* and *Wooten*,

2 the Ninth Circuit has provided little, if any, guidance as to what suffices as "good cause" under

3 *Rhines*.  At one end of the spectrum, the petitioner is not required to show that "extraordinary

4 circumstances" prevented exhaustion (*Jackson*), while at the other end, the petitioner must at least

5 offer more than a justification or excuse that could be raised in "virtually every case" (*Wooten*).

6 Where the standard falls between those two extremes is still an open question in the Ninth Circuit.[1]

7       As for the decisions from other district courts within the Ninth Circuit, several have relied on

8 *Wooten*'s interpretation of the *Rhines* standard to conclude that a mere allegation of ineffective

9 assistance of counsel does not constitute good cause for failure to exhaust before proceeding in

10 federal court.  *See Gray v. Ryan*, 2010 WL 4976953 (S.D. Cal. 2010); *Martin v. Neotti*, 2010 WL

11 4570043 (C.D. Cal. 2010); *Haskins v. Shriro*, 2009 WL 3241836 (D.Ariz. 2009); *Mora v.*

12 *McDonald*, 2009 WL 2190182 (C.D. Cal. 2009).  Similarly, several have concluded that a petitioner,

13 to establish good cause, must point to an obstacle or event outside the control of the petitioner *and*

14 *his counsel* that precluded exhaustion. *See Hoyos v. Cullen*, 2011 WL 11425 (S.D.Cal. 2011)*;*

15 *Corjasso v. Ayers*, 2006 WL 618380 (E.D.Cal. 2006); *Hernandez v. Sullivan*, 397 F.Supp.2d 1205

16 (C.D.Cal.2005).

17       The court in *Hoyos* rejected a claim that post-conviction counsel's failures constituted good

18 cause under *Rhines*, stating:

19       The *Corjasso* court was careful to distinguish between "excusable neglect,"
which could constitute good cause, and simple negligence, reasoning that "[t]he point

20 is whether some outside, uncontrollable event precluded the bringing of the [ ] issue."
[*Corjasso*] at *2.  In that case, the district court was not persuaded that counsel's

21 work load and oversight of the unexhausted claim failed to constitute good cause,
reasoning that "[i]f the court found these circumstances to justify the delay, then good

22 cause could be found in virtually every case, which the Supreme Court clearly did not
intend in *Rhines*."  *Id*. at *3.

23

24      [1] *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) arguably contemplates a relatively expansive
definition of good cause. In that case, the Supreme Court acknowledged that a petitioner's "reasonable

25 confusion" about the whether a state petition is "properly filed" for the purposes of 28 U.S.C. §
2244(d)(2) will ordinarily constitute good cause for his failure to exhaust state remedies before filing

26 his federal petition.  544 U.S. at 416-17.  Even so, the example is so vague as to make it generally
unhelpful in conducting the good cause analysis.

1
2
3
4

> The situation presented here is analogous to that in *Corjasso*, as Petitioner's failure to raise the claim in state court was not the result of any external event outside his control, but was due to deliberate decisions made by counsel in "formulating and organizing the claims" for presentation to the state supreme court. As such, "[s]imply saying that the issue was overlooked by counsel is not outside the control of petitioner since he is held bound by the acts of his counsel." *Id*. at *2.

5   This court followed this reasoning in denying Bolin's motion for stay and abeyance and has done

6   likewise in other cases. *See Blake v. McDaniel*, 2011 WL 900732, *1 (D.Nev. 2011); *Petrocelli v.

7   McDaniel*, 2011 WL 868662, *7-8 (D.Nev. 2011); *Middleton v. McDaniel*, 3:09-cv-00638-KJD

8   -RAM, docket #94 at 5-6 (D.Nev. April 5, 2011).

9        Because he has elaborated on his ineffective assistance claim by citing to ABA Guidelines

10   (docket #78, p. 14), Bolin is correct that his allegation of ineffective assistance of post-conviction

11   counsel is not the same as the *Wooten* petitioner's claim that he was "under the impression" that his

12   counsel had exhausted all of his claims. *See Wooten*, 540 F.3d 1024 n.2 (noting that "although

13   Wooten calls his counsel 'ineffective' . . . , [he] has not developed any ineffective assistance of

14   counsel argument"). The distinction does not matter, however, when the petitioner is bound by the

15   acts of his counsel. Conceivably, there could be instances in which the acts or omissions of counsel

16   are sufficiently egregious to support a showing of good cause. In this case, however, petitioner has

17   established, at most, garden variety nonfeasance on the part of post-conviction counsel in failing to

18   raise certain claims. This does not equate to good cause under *Rhines*.

19        In light of the foregoing, and having considered all of Bolin's points and authorities, the court

20   shall deny his motion for reconsideration.

21        **IT IS THEREFORE ORDERED** that "Petitioner's Motion for Reconsideration of Denial

22   of Motion to Hold Proceedings in Abeyance" (docket #78) is DENIED.

23        **IT IS FURTHER ORDERED** that petitioner's motion to defer his response to the

24   respondents' motion to dismiss (docket #79) is GRANTED. Petitioner shall file his response to

25   respondents' motion to dismiss (docket #59) within **thirty (30) days** of the date this order is entered.

26   \ \ \

4

1    **IT IS FURTHER ORDERED** that, in all other respects, the schedule set forth in the

2  scheduling order entered on May 1, 2009 (docket #46), shall remain in effect.

3    DATED:   June 14, 2011.

4

5

6    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26