# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY D. BOLIN, | ) |
| Petitioner, | ) 3:07-CV-00481-RLH-VPC |
| vs. | ) |
| | ) **ORDER** |
| E.K. McDANIEL, *et al.*, | ) |
| Respondents. | ) |
| | ) |

Petitioner Gregory Bolin has filed, *pro se*, a motion seeking substitution of counsel. Docket #81. Bolin is currently represented by Saor Stetler in this capital habeas action. Mr. Stetler was appointed to represent Bolin when Bolin's previous counsel, the Federal Public Defender's office (FPD), was discharged based on a determination that the representation involved an irreconcilable conflict. Docket #34.

By statute, an indigent habeas petitioner asking the federal court to vacate or set aside a death sentence is afforded a mandatory right to legal counsel and related services. 18 U.S.C. § 3599(a)(2). Although there is no constitutional right to the appointment of counsel in habeas corpus cases (*Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)), there is case law that suggests that, in some respects, the statutory right to counsel in a federal habeas proceeding is on equal footing with a defendant's Sixth Amendment right to counsel in a criminal trial. *See McFarland v. Scott*, 512 U.S. 849 (1994). Indeed, both the Eighth and Tenth Circuits have held that § 3599(a)(2) (previously

1  codified at 21 U.S.C. § 848(q)(4)(B)) implicates the same "substitution-of-counsel standards" as
2  does the Sixth Amendment. *See Johnson v. Gibson*, 169 F.3d 1239, 1254 (10th Cir. 1999); *Hunter v.*
3  *Delo*, 62 F.3d 271, 274 (8th Cir.1995).

4  Even where the Sixth Amendment guarantees appointed counsel, however, an indigent
5  defendant is not entitled to counsel of his own choosing. *Wheat v. United States*, 486 U.S. 153, 159
6  (1988). In *Johnson*, the court noted that for a petitioner in a capital habeas case to obtain a
7  substitution of counsel, he must "show good cause, such as a conflict of interest, a complete
8  breakdown of communication or an irreconcilable conflict which leads to an apparently unjust
9  verdict." *Johnson*, 169 F.3d at 1254 (quoting *United States v. Padilla*, 819 F.2d 952, 955 (10th
10 Cir.1987). In *Hunter*, the court noted that a criminal defendant's request for new counsel implicates
11 conflicting factors – "the need to ensure effective legal representation, the need to thwart abusive
12 delay tactics, and the reality that an accused is often genuinely unhappy with appointed counsel who
13 is nonetheless doing a good job." *Hunter*, 62 F.3d at 274

14 Accordingly, the court in *Hunter* held that the standards for granting substitute counsel for a
15 capital habeas petitioner are strict:

16 [S]ubstitution of counsel is a matter committed to the sound discretion of the district
   court. To warrant substitute counsel, a defendant must show justifiable
17 dissatisfaction with appointed counsel [such as] a conflict of interest, an
   irreconcilable conflict, or a complete breakdown in communication between the
18 attorney and the defendant. The defendant's right to counsel, however, does not
   involve the right to a "meaningful relationship" between an accused and his counsel.
19

20 *Id*. (quoting *United States v. Swinney*, 970 F.2d 494, 499 (8th Cir. 1992)). In the context of
21 addressing motions for new counsel, the Ninth Circuit generally defines a *conflict of interest* as "the
22 existence of competing interests potentially affecting counsel's capacity to give undivided loyalty to
23 his client's interests;" while an *irreconcilable conflict* refers to a dispute or difference between a
24 client and his lawyer. *U.S. v. Moore*, 159 F.3d 1154, 1158 (9th Cir.1998).
25 Bolin's primary grievance with respect to Stetler's representation is that Stetler continued to
26 advance "unexhausted penalty-phase claims" in this proceeding despite Bolin's adamant and oft-

1 expressed desire that such claims be deleted from his petition.  As a practical matter, the court's
2 recent denial of an exhaustion stay will likely prevent counsel from continuing to press unexhausted
3 claims.  Even so, Bolin insists that his relationship with Stetler is marred by both a conflict of
4 interest and an irreconcilable conflict.

5       The Supreme Court has held that a *criminal defendant* is given the "ultimate authority" to
6 make certain fundamental decisions regarding his case (such as whether to plead guilty, waive a jury,
7 testify on one's own behalf, take an appeal, or represent oneself), but that matters of tactics and
8 strategy, including which claims are to be presented on appeal, are left to the discretion of counsel.
9 *Jones v. Barnes*, 463 U.S. 745, 751 (1983).  Because of the complexity of capital habeas litigation
10 and the seriousness of the possible penalty, a capital habeas petitioner's autonomy with respect to the
11 management of his case is arguably even more limited than that of a criminal defendant.

12       As such, Bolin's dissatisfaction with counsel, while perhaps justifiable from his personal
13 perspective, does not establish a conflict or interest or an irreconcilable conflict of the type that
14 warrants substitution of counsel.

15       **IT IS THEREFORE ORDERED** that petitioner's *pro se* motion to dismiss counsel (docket
16 #81) is DENIED.

17       DATED:   August 10, 2011.

_____
UNITED STATES DISTRICT JUDGE