UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GREGORY D. BOLIN, | ) | |
| Petitioner, | ) ) | 3:07-CV-00481-MMD-VPC |
| vs. | ) ) | **ORDER** |
| RENEE BAKER, *et al.*, | ) ) | |
| Respondents. | ) ) | |

Petitioner Gregory Bolin has filed, *pro se*, a motion asking for the dismissal of his current counsel, Saor Stetler. ECF No. 105. In the alternative, Bolin asks to represent himself or, barring that, to voluntarily dismiss this action. *Id*. Stetler was appointed to represent Bolin when Bolin's previous counsel, the Federal Public Defender's office (FPD), was discharged based on a determination that the representation involved an irreconcilable conflict. ECF No. 34.

On August, 10, 2011, the court denied Bolin's prior motion for substitution of counsel based on the conclusion that Bolin had failed to establish a conflict of interest or an irreconcilable conflict of the type that calls for the appointment of substitute counsel. ECF No.86. Since that ruling, however, the posture of this case and the nature of the conflict between counsel and client has changed. In addition, the Supreme Court has identified the standard to be applied in addressing requests for new counsel under 18 U.S.C. § 3599, the statutory provision governing the appointment of counsel in capital cases brought under 28 U.S.C. § 2254. In *Martel v. Clair*, 132 S.Ct. 1276

(2012), the Court held that courts must use an "interests of justice" standard to decide substitution motions brought under § 3599. 132 S.Ct. at 1284.

The source of conflict between counsel and client is that Bolin wants this habeas proceeding to focus on guilt phase relief, while counsel insists on presenting all arguably meritorious claims, including unexhausted penalty-phase claims. In denying Bolin's prior motion to dismiss counsel, the court identified Bolin's primary grievance with respect to Stetler's representation as counsel's ongoing effort "to advance 'unexhausted penalty-phase claims' in this proceeding despite Bolin's adamant and oft-expressed desire that such claims be deleted from his petition." ECF No. 86, p. 2-3. Reasoning that the decision as to which claims to present is a matter of strategy left to discretion of counsel, the court concluded that Bolin had not established "a conflict of interest or an irreconcilable conflict of the type that warrants substitution of counsel." *Id.*, p. 3. The court also noted that "the court's recent denial of an exhaustion stay will likely prevent counsel from continuing to press unexhausted claims." *Id*.

On September 27, 2011, this court entered an order ruling upon respondents' motion to dismiss that identified the unexhausted claims in Bolin's second amended petition. ECF No. 90. Prior to the entry of that order, the court had determined that Bolin is not entitled to stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005). ECF Nos. 77 and 80. The September 27 order gave Bolin twenty days to abandon his unexhausted claims and warned him that failure to do so would result in the dismissal of his second amended petition pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982). *Id*. After counsel Stetler had requested and received two successive extensions of time within which to respond to the order, Bolin filed, *pro se*, a notice attempting to abandon his unexhausted claims and asking the court to appoint second counsel. ECF No. 96. The next day, counsel filed a motion seeking a third extension of time to respond the September 27 order and asking the court to schedule an *ex parte* hearing with respect to Bolin's *pro se* submission. ECF No. 97.

\ \ \

The court granted the extension, setting January 30, 2012, as the new deadline to abandon unexhausted claims, and conducted an *ex parte* status hearing on January 12, 2012.  ECF Nos. 99 and 100.  At that hearing, the court underscored the need to move this case along and avoid further delays.  When the January 30 deadline arrived, however, Stetler filed, against Bolin's repeatedly-expressed wishes, a fourth request for stay and abeyance.  ECF No. 103.  On February 16, 2012, Bolin filed the motion to dismiss counsel that is now before the court for decision.  ECF No. 105.

With his current motion, Bolin reiterates his vehement disagreement with Stetler's failure to file a notice abandoning the unexhausted claims.  He also advances several other grievances that, according to him, are further evidence of an irreconcilable conflict between counsel and himself.  Included among them are allegations that counsel has avoided communication with him and has been dishonest with him, and that counsel's refusal to abandon penalty phase claims is part of an agenda being carried out by the Nevada Federal Public Defender's office.

Counsel's position throughout these proceedings has been that, under the ABA guidelines, he is required to investigate and present all arguably meritorious issues (including mitigation-based claims) regardless of his client's wishes.  *See*, *e.g.*, Guidelines 10.7, 10.8, 10.11, and 10.15.1, *ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases*, (rev. ed. 2003), reprinted in 31 Hofstra L.Rev. 913, 1027 (2003).  These guidelines have been employed by the U.S. Supreme Court as the standard for determining the level of reasonable performance for counsel in a capital case.  *See Rompilla v. Beard,* 545 U.S. 374, 387 (2005), *but see Bobby v. Van Hook*, 130 S.Ct. 13, 17 (2009) (holding that ABA Guidelines are only evidence of what reasonably diligent attorneys would do, not "inexorable commands" with which all capital defense counsel must fully comply).

On June 11, 2012, this court held an *ex parte* hearing to address Bolin's motion to dismiss counsel.  ECF No. 114.  At that hearing, Stetler and Bolin were each given an opportunity to address the allegations contained in the motion.  Having fully considered each party's respective positions and the record of proceedings herein, the court shall grant Bolin's motion to dismiss counsel.

Counsel's devotion to what he sees as his ethical obligation must not be discounted. The court finds that counsel has represented his client in a competent manner throughout these proceedings. At this point, however, the conflict between counsel and client is no longer about litigation strategy or what claims to advance. Instead, Bolin has become justifiably concerned that counsel's actions may result in the dismissal of his case. In addition, it has become apparent that the chasm between client and counsel's respective positions, together with the strength with which each is clinging to those positions, has resulted in a total breakdown in communication.

Because the lack of communication between Bolin and Stetler will likely detract from counsel's ability to pursue habeas relief on Bolin's behalf, the interests of justice call for the dismissal of Stetler as Bolin's counsel. *See U.S. v. Walker*, 915 F.2d 480, 483 (9th Cir. 1990) (concluding that the district court abused its discretion by denying defendant's motion for substitute counsel where disagreement over trial preparation and potential witnesses caused defendant to justifiably lose confidence in attorney and cease communication). In so deciding, the court reiterates its finding that Stetler has performed in accordance with professional standards in his representation of Bolin. Furthermore, the court recognizes that, because of ethical obligations to Bolin, counsel may have been constrained from presenting a more complete response to Bolin's allegations.

New counsel shall be appointed to represent Bolin. In light of the court's decision to grant Bolin's request to dismiss counsel and to appoint new counsel, the court need not reach Bolin's request to represent himself or, barring that, to voluntarily dismiss this action.

**IT IS THEREFORE ORDERED** that petitioner's *pro se* motion to dismiss counsel (ECF No. 105) is GRANTED. Saor Stetler is relieved as petitioner's counsel.

**IT IS FURTHER ORDERED** that this federal habeas proceeding (including the response to the pending order to show cause (ECF No. 108)) is STAYED pending appointment of new counsel.

\ \ \

\ \ \

\ \ \

1 **IT IS FURTHER ORDERED** that petitioner's *pro se* motion for appointment of second
2 counsel (ECF No. 97) is DENIED as moot.
3   DATED: June 13, 2012

_____
UNITED STATES DISTRICT JUDGE