UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREGORY D. BOLIN,<br><br>                        Petitioner,<br>     v.<br>RENEE BAKER, *et al.,*<br><br>                        Respondents. | Case No. 3:07-cv-00481-MMD-VPC<br><br>ORDER |

On May 2, 2013, petitioner Gregory Bolin filed, *pro se*, a motion asking for the dismissal of his current counsel, David Neidert and Mike Charlton. (Dkt. no. 179.) Neidert and Charlton were appointed to represent Bolin when Bolin's previous counsel, Saor Stetler, was discharged based on a finding that a total breakdown in communication had occurred between counsel and client. (Dkt. nos. 115, 117, 125.) Stetler had replaced Bolin's previous counsel, the Federal Public Defender's office, which was also discharged pursuant to a motion brought by Bolin. (Dkt. no. 34.)

The statutory provision governing the appointment of counsel in capital cases provides that appointed counsel may be "replaced . . . upon motion of the defendant." 18 U.S.C. § 3599(e). The Supreme Court held, in *Martel v. Clair*, 132 S.Ct. 1276 (2012), that federal courts must use an "interests of justice" standard to decide such motions. 132 S.Ct. at 1284.

In determining whether to substitute counsel, a court must inquire into the nature of the defendant's complaint and consider primarily (1) the timeliness of the motion and the degree of resulting inconvenience and delay, and (2) the extent of the conflict between the accused and counsel and whether a total breakdown in communication

has occurred such that the defendant is unable to present an adequate defense. *See United States v. Gonzalez*, 113 F.3d 1026, 1028 (9th Cir. 1997); *United States v. Schaff*, 948 F.2d 501, 503 (9th Cir. 1991). In reviewing substitution motions, the court of appeals will consider: "the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)." *Martel*, 132 S.Ct. at 1287.

Bolin's reasons for wanting to discharge counsel are outlined in his motion. They can be summarized as follows:

(1) Charlton refuses to locate and interview a "potentially important witness," who may have information about the victim's "activities leading up to her murder," and refuses to review "a piece of evidence" admitted at Bolin's trial;

(2) Charlton refuses to locate and interview an expert who testified for the State at trial;

(3) Charlton fails to comprehend Claim Nine of the fourth amended petition alleging error based on the admission of faulty DNA evidence;

(4) Charlton has advised Bolin that he will make arguments that contradict allegations contained in the fourth amended petition; and

(5) Neidert has not worked on, or been adequately involved in, his case.

(Dkt. no. 179.)

On June 3, 2013, the Court held an *ex parte* hearing. (Dkt. no. 180.) At that hearing, Bolin and both counsel were each given an opportunity to address the allegations contained in Bolin's motion. Observing the confidentiality of the proceeding, the Court shall not recount or discuss here what was said at the hearing. Suffice it to say that the Court is satisfied that co-counsel Charlton has a firm grasp of the issues related to Claim Nine of the amended petition (dkt. no. 138). Moreover, to the extent Charlton has not complied with Bolin's wishes with regard to handling Bolin's case, counsel was able articulate legitimate reasons for his actions or omissions. A

1  disagreement over strategy is insufficient, without more, to establish a conflict that
2  would prevent adequate representation.  *United States v. Reyes-Bosque*, 596 F.3d
3  1017, 1034 (9th Cir. 2010) (concluding that defendant's dissatisfaction with defense
4  strategy did not require change of counsel).  Finally, the Court finds no validity to Bolin's
5  claim that co-counsel Neidert has not devoted a sufficient amount of time or effort to
6  Bolin's case.
7      Based on the foregoing and the Court's review of the relevant record, there is
8  currently not a conflict or breakdown in communication that is of sufficient magnitude to
9  warrant the discharge of counsel in this case.  Having heard from Bolin and counsel, the
10 Court finds that the conflict involved disagreements over strategies.  And, given the
11 advanced stage of the proceedings herein, installing new counsel is more likely to
12 cause unnecessary delay.  Accordingly, the interests of justice do not mandate the
13 replacement of appointed counsel.  *See Martel*, 132 S.Ct. at 1287.  Thus, the Court
14 shall deny Bolin's motion.
15     Briefly, on the matter of counsel's communication with their client, the Court finds
16 that counsel understand their obligations to their client pursuant to Rule 1.4 of the
17 Nevada Rules of Professional Conduct.  In light of Bolin's representation as to the
18 barriers presented by written communications, counsel are ordered to maintain verbal
19 communications and to accept, when possible, phone calls initiated by Bolin for the
20 purpose of discussing his case.
21     IT IS THEREFORE ORDERED that petitioner's *pro se* motion to dismiss counsel
22 (dkt. no. 179) is DENIED in all respects.
23     IT IS FURTHER ORDERED that counsel shall resume accepting petitioner's
24 phone calls when possible.
25     DATED THIS 10th day of June 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3