UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREGORY D. BOLIN,<br><br>                   Petitioner,<br>     v.<br><br>RENEE BAKER, *et al.*,<br><br>                  Respondents. | Case No. 3:07-cv-00481-MMD-VPC<br><br>ORDER |

       On December 26, 2013, petitioner Gregory Bolin filed, *pro se*, a motion asking for the dismissal of his current counsel, David Neidert and Mike Charlton. (Dkt. no. 210.) Neidert and Charlton were appointed to represent Bolin when Bolin's previous counsel, Saor Stetler, was discharged based on a finding that a total breakdown in communication had occurred between counsel and client. (Dkt. nos. 115, 117, 125.) Stetler had replaced Bolin's previous counsel, the Federal Public Defender's office, which was also discharged pursuant to a motion brought by Bolin. (Dkt. no. 34.)

       In June 2013, the Court held an *ex parte* hearing on Bolin's prior motion to dismiss Neidert and Charlton as counsel and subsequently denied that motion. (Dkt. nos. 179-181.) In December 2013, this Court held an *ex parte* hearing to address Bolin's claims that Neidert and Charlton had not maintained adequate communication with him. (Dkt. no. 206, 208.) Despite the Court's efforts to resolve Bolin's complaints and clarify the respective roles of counsel and client in this matter, Bolin subsequently filed the motion to dismiss counsel that is now before the Court.

The statutory provision governing the appointment of counsel in capital cases provides that appointed counsel may be "replaced . . . upon motion of the defendant." 18 U.S.C. § 3599(e). The Supreme Court held, in *Martel v. Clair*, 132 S.Ct. 1276 (2012), that federal courts must use an "interests of justice" standard to decide such motions. 132 S.Ct. at 1284.

In determining whether to substitute counsel, a court must inquire into the nature of the defendant's complaint and consider primarily (1) the timeliness of the motion and the degree of resulting inconvenience and delay, and (2) the extent of the conflict between the accused and counsel and whether a total breakdown in communication has occurred such that the defendant is unable to present an adequate defense. *See United States v. Gonzalez*, 113 F.3d 1026, 1028 (9th Cir. 1997); *United States v. Schaff*, 948 F.2d 501, 503 (9th Cir. 1991). In reviewing substitution motions, the court of appeals will consider: "the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)." *Martel*, 132 S.Ct. at 1287.

Bolin's current request to dismiss counsel is premised, primarily, on what he claims are "numerous factual misstatements, inadequate legal arguments, and frivolous arguments" contained in the reply/traverse to answer (dkt. no. 200) filed by counsel on his behalf. (Dkt. no. 210, p. 3.) He further contends that counsel filed the pleading without his input or authorization.

As to the latter point, the general allocation of authority between client and attorney is that the client dictates the *objectives* of representation, while the lawyer controls the *means* by which those objectives are pursued, provided that the lawyer reasonably consults with the client about the means. Rules of Professional Conduct, Rule 1.2, Comment 1 and Rule 1.4(a)(2). Thus, counsel is not necessarily required to obtain petitioner's input or approval for particular acts left to the discretion of counsel.
///

There is no procedural or ethical requirement that counsel obtain authorization or input from a petitioner before filing a response to the State's answer in a habeas proceeding.

As for Bolin's complaints regarding alleged factual errors, many of them appear to be relatively minor. To the extent that is not the case, this court's Consideration of petitioner's habeas claims entails careful review of the relevant record. Any factual errors in the reply that are sufficiently important to impact the outcome of this case will be apparent to the Court when it rules upon the merits of petitioner's claims.

With respect to the legal arguments contained in the reply, Bolin's dissatisfaction with the quality of those arguments is not, in itself, a cognizable ground for dismissing counsel. Moreover, this Court is satisfied with the qualifications and expertise of both counsel, both of whom have extensive experience litigating habeas matters in federal court.

In sum, Bolin has not established that there is currently a conflict or breakdown in communication that is of sufficient magnitude to warrant the discharge of counsel in this case. And, in light of the advanced stage of the proceedings herein, installing new counsel is more likely to cause unnecessary delay. Accordingly, the interests of justice do not mandate the replacement of appointed counsel. *See Martel*, 132 S.Ct. at 1287. Thus, the court shall deny Bolin's motion.

It is therefore ordered that petitioner's *pro se* motion to dismiss counsel (dkt. no. 210) is denied.

DATED THIS 29th day of September 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE