UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY BOLIN,<br><br>　　　　　　Petitioner,<br>　v.<br>WILLIAM GITTERE, et al.,<br><br>　　　　　　Respondents. | Case No. 3:07-cv-00481-ART-CLB<br><br>ORDER |

Petitioner, Gregory Bolin, has filed a motion for leave to file a fifth amended petition for writ of habeas corpus. ECF No. 322. Respondents oppose the motion. ECF No. 332. For reasons that follow, the motion will be granted.

**I. Background**

In March 2011, Bolin moved to stay this federal habeas proceeding under *Rhines v. Weber*, 544 U.S. 269 (2005), in order to present certain unexhausted claims to the Nevada courts. ECF No. 71. This court denied Bolin's request. ECF Nos. 77, 90. In response, Bolin abandoned those unexhausted claims to avoid dismissal of his petition in its entirety. ECF No. 96. In February 2015, after Bolin had amended his habeas petition two more times, the court entered a final order denying Bolin's fourth amended petition for writ of habeas corpus. ECF No. 227.

In April 2021, the Ninth Circuit reversed that decision and remanded the case with instructions for this court to "apply the proper standard in ruling on Bolin's *Rhines* motion." *Bolin v. Baker*, 994 F.3d 1154, 1157-58 (9th Cir. 2021).

1 The parties then stipulated to the requested stay, "agree[ing] that issuance of a
2 stay is appropriate in this case under *Rhines v. Weber*." ECF Nos. 268. The
3 court approved the stipulation and entered a stay. ECF No. 269.

4 Bolin returned to state court. ECF No. 311. Ultimately, the Nevada
5 Supreme Court affirmed the denial of Bolin's claims, and Bolin's state habeas
6 case concluded at the end of 2023. ECF No. 320. The court granted parties'
7 stipulation to lifting the stay. ECF No. 320. Bolin now seeks to file a fifth
8 amended petition. ECF No. 322.

**II. Discussion**

With his motion, Bolin seeks to file a fifth amended petition consisting of some claims that were previously presented to this court and some that were not. The Federal Rules of Civil Procedure governing amendments to a pleading—Rule 15(a)—"applies to habeas corpus actions with the same force that it applies to garden-variety civil cases." *James v. R.A. Giles*, 221 F.3d 1074, 1078 (9th Cir. 2000). In the absence of bad faith, undue delay, prejudice to the opposing party, or futility of amendment, leave to amend under Rule 15(a) should be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted).

Respondents argue that Bolin's proposed amendment is futile because this court is "not permitted to consider evidence which was not properly developed in state court when addressing Bolin's claims on the merits." ECF No. 332 at 4 (citing *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022)). Respondents further argue that all of Bolin's claims are either unexhausted, untimely, or procedurally defaulted.

As to the consideration of new evidence, Bolin argues that *Ramirez* does not apply because he is making a claim of actual innocence. This court agrees to the extent that the holding in *Shinn* appears to be limited to not allowing a federal habeas petitioner to develop new evidence in support of a procedurally-

2

defaulted ineffective assistance of trial counsel claim in federal court even if post-conviction counsel was ineffective by failing to raise the claim in state court. *Ramirez*, 596 U.S. at 382. In any case, this is an issue that is more properly raised when considering the merits of Bolin's claims, not when deciding whether to allow him to amend his petition.

As for exhaustion, it is at least arguable that the court has already found Claim 1 (alleging a due process violation based on a faulty eyewitness identification) and Claim 2 (alleging ineffective assistance of counsel in challenging DNA evidence) to have been exhausted in state court. *See* ECF No. 90 at 12. Claim 3 alleges constitutional violations based on various instances of prosecutorial misconduct, trial counsel's investigative failures, and changes in scientific knowledge that discredits expert testimony. Claim 4 is a cumulative error claim. The prosecutorial misconduct, ineffective assistance of counsel, and cumulative error claims appear to have been exhausted in Bolin's most recent return to state court. *See* ECF No. 323 at 159-200. Bolin concedes that he did not present the change in scientific knowledge claim to the state courts, but contends that this court should treat it as exhausted based on the doctrine of anticipatory procedural default.

Based on the foregoing, this court does not agree that lack of exhaustion renders Bolin's proposed amended petition futile. With respect to the timeliness and procedural default of Bolin's claims, the court prefers to address those issues in the context of a motion to dismiss because they require briefing on whether Bolin can overcome those procedural hurdles.

Respondents' other argument against granting Bolin leave to amend is that Bolin has waited too long to seek amendment and has had numerous prior opportunities to raise the new claims he now wants to add to his petition. This argument is also not persuasive. Claims 1 and 2 are essentially modified versions of claims already ruled upon by this court, but not addressed by the

3

Ninth Circuit. *See* ECF No. 227 at 28-41. A significant portion of Claim 3 consists of grounds for relief that Bolin was required to abandon as unexhausted to avoid dismissal of his petition. Inclusion of those grounds was clearly contemplated by the Ninth Circuit's remand and this court's decision to grant Bolin an exhaustion stay. As noted, Claim 4 is merely a claim based on cumulative error. To the extent the proposed amended petition raises new claims not previously presented to this court, Bolin makes a plausible argument that he could not have previously discovered at least one of those claims – i.e., the claim based on scientific advancements.[1]

### III. Conclusion

Having found that Bolin meets the liberal standards that apply to permitting an amended pleading, this court will grant Bolin's motion for leave to file a fifth amended petition. The court will also establish a schedule for further proceedings in this case.

IT IS THEREFORE ORDERED that Bolin's motion for leave to file a fifth amended petition for writ of habeas corpus (ECF No. 322) is GRANTED. The Clerk shall file the petition (currently docketed as ECF No. 322-1) under its own docket number.

IT IS FURTHER ORDERED that he following schedule will govern the further proceedings in this action:

1. <u>Response to Petition</u>. Respondents will have 90 days from the date this order is entered to file an answer or other response to the petition.

2. <u>Reply and Response to Reply</u>. Petitioner will have 60 days following the

---

[1] At least one other claim is new, that being a claim that counsel provided ineffective assistance of counsel by failing to investigate a jailhouse informant's story. ECF No. 322-1 at 93-94. Bolin supports this claim with a declaration from a fellow prisoner signed in April 2022. ECF No. 327 at 204-08. While there may be reason to look askance at a claim based on a declarant's recollection of an event that occurred 25 years earlier, the court will not deny leave to amend based on the inclusion of this claim.

4

filing of an answer to file a reply. Respondents will thereafter have 30 days following the filing of a reply to file a response to the reply.

     3. <u>Briefing of Motion to Dismiss</u>. If respondents file a motion to dismiss, the petitioner will have 60 days following the filing of the motion to file a response to the motion. Respondents will thereafter have 30 days following the filing of the response to file a reply.

     4. <u>Discovery</u>. If the petitioner wishes to move for leave to conduct discovery, he must file such motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for leave to conduct discovery filed by petitioner before that time may be considered premature and may be denied without prejudice on that basis. Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to the petitioner's reply. Thereafter, the petitioner will have 20 days to file a reply in support of the motion for leave to conduct discovery.

     5. <u>Evidentiary Hearing</u>. If petitioner wishes to request an evidentiary hearing, he must file a motion for an evidentiary hearing concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any motion for an evidentiary hearing filed by petitioner before that time may be considered premature and may be denied without prejudice on that basis. The motion for an evidentiary hearing must explain why an evidentiary hearing is warranted and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, where the transcript is located in the record. If petitioner files a motion for an evidentiary hearing, respondents must file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner will have 20 days to file a reply in support of the motion

5

for an evidentiary hearing.

IT IS FURTHER ORDERED that Bolin's motion to seal document (ECF No. 328) is GRANTED. [2]

DATED THIS 2nd day of July 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[2] The court finds that the declarant's safety and prison security are compelling reasons for the court to restrict the public's access to the exhibit. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

6