AARON D. FORD
   Attorney General
ERICA F. BERRETT (Bar. No. 13826)
   Senior Deputy Attorney General
JAIMIE STILZ (Bar No. 13772)
   Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
Phone: (702) 486-3110
Fax: (702) 486-2377
eberrett@ag.nv.gov
jstilz@ag.nv.gov
*Attorneys for Respondents*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY BOLIN,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>WILLIAM GITTERE, *et al*.,<br><br>　　　　　　Respondents. | Case No. 3:07-cv-00481-ART-CLB<br><br>**MOTION TO DISMISS FIFTH AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 335)**<br>**(DEATH PENALTY)** |

Respondents, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, move to dismiss Petitioner Gregory Bolin's Fifth Amended Petition for Writ of Habeas Corpus (ECF No. 335) as untimely and all of the grounds as unexhausted, procedurally barred, and/or non-cognizable. Respondents base this motion to dismiss on the following points and authorities, together with all other pleadings, documents, and exhibits on file.

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................3

STATEMENT OF THE CASE.................................................................................................3

I.    A Jury Convicted Bolin of Kidnapping, Sexual Assault, and First-Degree Murder and Imposed a Death Sentence. .................................................................................................................3

II.   Bolin Filed an Unsuccessful Direct Appeal.................................................................3

III.  Bolin Filed an Unsuccessful State Habeas Petition. ....................................................5

IV.   Bolin Commenced His Federal Habeas Proceedings. ...................................................8

V.    Bolin Filed a Second Unsuccessful State Habeas Petition. ..........................................8

VI.   Bolin Returned to Federal Court.................................................................................9

ARGUMENT ........................................................................................................................10

I.    The Fifth Amended Petition Is Untimely and This Court Must Dismiss All of the Claims That Do Not Relate Back to a Timely Filed Petition .......................................................................10

      A.   Bolin's Fifth Amended Petition Is Untimely. ......................................................11

      B.   Bolin's Claims Do Not Relate Back to a Timely Filed Petition. ............................12

II.   All Claims Are Unexhausted, at Least in Part. ...........................................................14

      A.   Claim 1 Is Unexhausted in Part. ........................................................................16

      B.   Claim 2 Is Unexhausted in Part. ........................................................................17

      C.   Claim 3(A) Is Unexhausted. ..............................................................................18

      D.   Claim 3(B) Is Unexhausted. ..............................................................................21

      E.   Claim 3(C) Is Unexhausted. ..............................................................................22

      F.   Claim 3(D) Is Unexhausted. ..............................................................................22

      G.   Claim 3(E) Is Unexhausted. ..............................................................................24

      H.   Claim 4 Is Unexhausted. ...................................................................................24

III.  To Demonstrate Technical Exhaustion, Bolin Must Admit No Available Remedies, and Any Technically Exhausted Claims Are Procedurally Defaulted. ........................................24

IV.   To the Extent that Bolin Fairly Presented Claims 3(A-D) and 4, They Are Procedurally Defaulted. .................................................................................................................25

V.    Claim 4 Does Not Raise a Cognizable Claim Under the Federal Constitution. .............27

CONCLUSION....................................................................................................................28

CERTIFICATE OF SERVICE ...............................................................................................29

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF THE CASE

**I.    A Jury Convicted Bolin of Kidnapping, Sexual Assault, and First-Degree Murder and Imposed a Death Sentence.**

This case arises from the 1996 conviction of Petition Gregory Bolin ("Bolin") based on kidnapping, sexual assault, and murder of victim Brooklyn Ricks. ECF No. 165-3 at 3. Evidence showed that Bolin stabbed the victim with a screwdriver 12 times, caused her to suffer multiple blunt traumas, broke her jaw, and sexually assaulted her. *Id*. at 8-9, 11-12.

In June 1996, trial began in Bolin's case. ECF No. 149-3 at 2. On the 24th day of trial, the jury returned a guilty verdict as to all three counts against him: Count I – First Degree Kidnapping; Count II – Sexual Assault; and Count III – Murder of the First Degree. ECF No. 162-1 at 2-4; E F No. 161-4 at 33-37. Following an additional three days of penalty phase, the jury found three aggravating factors and no mitigating circumstances applied. ECF No. 163-1 at 30, 136-39; 146-49. The jury imposed a death sentence for Count III. *Id*. at 138-39, 151. The court adjudicated Bolin as a habitual criminal with respect to Counts I and II and sentenced him to consecutive life sentences. ECF No. 163-2 at 31, 42-43. The court entered judgment on October 2, 1996. *Id*. at 42-43.

**II.    Bolin Filed an Unsuccessful Direct Appeal.**

Bolin filed a timely notice of appeal. ECF No. 163-2 at 47. On direct appeal, he alleged the following claims:

> I.    The district court was manifestly wrong in allowing the admission of evidence relating to Appellant Bolin's prior rape and kidnapping convictions, thus violating Appellant's Fifth, Sixth and Fourteenth Amendment rights and warranting reversal of his convictions.
>     A.    Identity.
>     B.    Common plan/scheme.
>     C.    Sexual aberration.
> II.    Appellant Bolin's constitutionally guaranteed due process rights and right to a fair trial (Fifth, Sixth and Fourteenth Amendments) were violated when the district court erred by allowing the admission of the unnecessarily suggestive one-on-one identification made by Keith Sirevaag.
>     A.    "Modified" one-on-one identification procedure was unnecessarily suggestive.

/ / /

/ / /

3

  B. LVMPD[1] never even attempted to use less suggestive identification procedures.

  C. Sirevaag's identification was unreliable.

III. It was a violation of Appellant Bolin's constitutional rights guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, when the district court failed to suppress the serology evidence derived from the search and seizures executed upon Bolin on July 16, and July 18, 1995.

  A. The search warrant issued on July 15, 1995, and executed on July 16, 1996, contained no facts in Detective Morgan's affidavit to establish probable cause to search Appellant Bolin and thereafter seize the serology kit (i.e., Defendant's blood, saliva, pubic and head hair).

  B. The State failed to obtain a search warrant for the search of Appellant Bolin on July 18, 1995, and no exceptions applied which would allow for a warrantless search, thus the search was unconstitutional.

IV. The district court erred when it allowed: (A) LVMPD serologist Terry Cook's testimony relating to his examination of Appellant Bolin's hair, and (B) the DNA statistical probability testimony to be introduced at trial, thereby violating Appellant Bolin's constitutional rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the Constitution.

  A. Terry Cook's examination of Appellant Bolin's hair was not relevant or reliable evidence and should not have been admitted at the instant trial.

    1. Irrelevant evidence based upon its scientific unreliability.

    2. The testing procedures employed by serologist Cook were unreliable.

  B. The prejudicial effect of the DNA statistical probability evidence outweighed its probative value.

V. The introduction of the "live" photograph of the victim at the guilt phase was unduly prejudicial and denied Appellant Bolin his rights to a fair trial and due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

VI. The district court's denial of certain jury instructions objected to by Appellant Bolin violated his constitutionally guaranteed rights to due process and a fair trial (Fifth, Sixth and Fourteenth Amendments).

  A. Jury instruction Number 21 (prior bad act evidence).

  B. In violation of Appellant Bolin's due process rights, the sua sponte limiting instruction offered  by the court was contrary to Instruction 21 and included the incorrect language relating to sexual aberration.

  C. Jury instruction Number 18 (reasonable doubt).

  D. Jury instruction Number 10 (malice); jury instruction Number 11 (implied malice); and jury instruction Number 13 (premeditation)

VII. The aggravating circumstance enunciated in NRS 200.033(4) is unconstitutional as it fails to truly narrow the categories of death eligible defendants and thereby violated Appellant Bolin's

---

[1] Las Vegas Metropolitan Police Department

4

constitutional rights as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

VIII.    Failure to sentence Appellant Bolin on the sexual assault and kidnapping convictions, and make an habitual criminal determination prior to the penalty phase of trial violated Bolin's state and federally guaranteed constitutional rights of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the Nevada Constitution, Article One Section Eight.

    A.    Due process principles dictate that Appellant Bolin, upon request, should have been sentenced to the sexual assault and kidnapping convictions, and a habitual criminal determination made, prior to the penalty hearing.

    B.    Appellant Bolin's due process rights were violated when the State, contrary to Nevada law, argued the Appellant's future dangerousness in its attempt to gain a death sentence for Appellant Bolin.

IX.    At the penalty phase, the victim impact evidence offered by four family members of the victim was cumulative to the evidence offered at the guilt phase and as such prejudiced Appellant Bolin and denied him due process of law as guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution.

ECF No. 164-2 at 4-6 (capitalization altered). On May 19, 1998, the Nevada Supreme Court rejected all of Bolin's claims and affirmed his conviction and sentence of death. ECF No. 165-3 at 2-3, 41-42.

Bolin filed a petition for rehearing, which the Nevada Supreme Court denied on August 27, 1998. ECF No. 165-4 at 2, 79. Bolin subsequently filed a petition for writ of certiorari with the United States Supreme Court. ECF No. 165-4 at 92-113. On March 1, 1999, the Supreme Court denied the petition for writ of certiorari. *Id*. at 116. The Nevada Supreme Court issued remittitur on April 2, 1999. *Id*. at 118.

**III.    Bolin Filed an Unsuccessful State Habeas Petition.**

Bolin commenced his first state habeas proceeding by filing his pro se state habeas petition on April 22, 1999. ECF No. 165-5. Attorney Gary Gowen subsequently filed an amended petition on Bolin's behalf. ECF No. 166-2 at 243. Later, attorney Stephen Morrisey filed a supplemental petition. ECF No. 167-2.

The state district court identified that the petition was untimely and that it could resolve the case on that basis but instead decided to address the merits of the claims. ECF No. 168-2 at 97. The court entered its amended Findings of Fact, Conclusions of Law and Order on July 28, 2005, denying the petition. ECF No. 169-1 at 21-25. The court did not hold an evidentiary hearing. ECF No. 170-6 at 13.

/ / /

Bolin appealed. ECF No. 168-3. On appeal, Bolin presented the following claims:

A. Mr. Bolin is entitled to a new trial because the jury heard improper evidence, argument, and instructions regarding Mr. Bolin's 20-year-old crimes in violation of existing Nevada law.

 1. This court has recognized that the admission of the "prior bad act" evidence to demonstrate propensity in Mr. Bolin's case was contrary to Nevada law.

 2. The prior bad acts in Mr. Bolin's case demonstrated "identity" only on the basis of "propensity."

 3. This court has recognized that the instruction that the jury may consider "prior bad acts" as evidence of a propensity to commit sex crimes was contrary to Nevada law.

 4. Each of these errors on its own requires the relief Mr. Bolin seeks—their combined effect leaves no doubt that reversible error occurred.

B. The State does not dispute that the evidence, argument and instructions regarding the prior bad acts were improper in Mr. Bolin's case—instead it contends that Mr. Bolin is not entitled to a fair trial under a correct interpretation of Nevada law in effect at the time of his conviction.

 1. Mr. Bolin's challenges to the "prior bad acts" evidence and jury instructions are not subject to any procedural bar.

 2. The clarification of Section 48.045 articulated in Braunstein and Richmond applies here without regard to retroactivity concerns.

 3. Even if the Braunstein/Richmond rule were new, Mr. Bolin would be entitled to the benefit of the rule under Nevada's retroactivity analysis.

 4. The "law of the case" doctrine is inapplicable to Mr. Bolin's challenges to the "prior bad acts" evidence and jury instructions.

C. The admission of "prior bad act" evidence in Mr. Bolin's trial violated his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

 1. The admission and instructions regarding "prior bad acts" evidence in Mr. Bolin's trial violated his right to due process, a fair trial, and equal protection under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

 2. This court's affirmance of the admission and instructions regarding "prior bad act" evidence on appeal violated Mr. Bolin's right to due process, a fair appeal, and equal protection under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

D. Mr. Bolin was denied his constitutional right to effective assistance of counsel by his counsel's failure to adequately challenge the "prior bad acts" evidence.

E. Mr. Bolin's attorneys failed to argue that interpreting NRS 48.045 to permit the admission of the "prior bad acts" evidence to show propensity would violate Mr. Bolin's rights under the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.

F. Mr. Bolin is entitled to habeas relief because his attorneys violated his constitutional right to effective assistance of counsel when they failed to challenge serious flaws in the scientific evidence.

1          1.       Effective counsel would have challenged the admission of Cellmark's inconclusive DNA test results.

2          2.       Effective counsel would have challenged the State's inaccurate statistics.

            a.      The State misused the (inconclusive) DNA evidence to create an artificially small pool of potential perpetrators.

            b.      Effective counsel would have moved to exclude the State's prejudicial miscalculations.

G.    Mr. Bolin is entitled to habeas relief because effective counsel would have investigated and challenged the State's suppression of potentially exculpatory evidence.

      1.      Counsel should have investigated all discrepancies in the evidence.

      2.      Defense counsel should have challenged the State's suppression and spoliation of material evidence.

            a.      The State's suppression of materially exculpatory evidence violated Brady.

                (1)    The State failed to produce the lighter pubic hair.

                (2)    The State effectively withheld access to the darker foreign hair.

      3.      The State's Brady violations prejudiced the trial.

H.    The State's spoliation of materially exculpatory hair evidence violated Mr. Bolin's due process rights.

I.     Mr. Bolin is entitled to relief based on an unconstitutionally suggestive "show-up" procedure and based on Mr. Sirevaag's tainted and prejudicial in-court identification of Mr. Bolin.

      1.      The in-court identification failed to comply with due process.

      2.      The circumstances of the identification were highly suggestive.

      3.      The identification was not reliable in the totality of the circumstances.

J.     Mr. Bolin's trial counsel were constitutionally ineffective in failing to object to Mr. Sirevaag's identification testimony.

K.    The affirmance of the admission of Mr. Sirevaag's identification of Mr. Bolin was based on facts not supported by the record—this denied Mr. Bolin his right to a fair trial and his right to due process.

L.     Mr. Bolin is entitled to relief based on the lack of probable cause for the warrant and its unconstitutional second execution.

      1.      The warrant was invalid because it was granted based on material misrepresentations in the affidavit.

      2.      The search warrant executed on July 16, 1995, was not supported by probable cause sufficient to warrant the seizure of blood and hair samples from Mr. Bolin.

M.   The State violated Mr. Bolin's Fourth Amendment rights by executing the July 16, 1995 search warrant twice.

N.    Mr. Bolin was deprived of his constitutional right to effective assistance of counsel by his trial counsel's failure to adequately challenge evidence seized in violation of his Fourth Amendment rights.

O.    Mr. Bolin was deprived of his constitutional right to effective assistance of counsel by his trial counsel's numerous failures at sentencing.

P.      Mr. Bolin is entitled to an evidentiary hearing.

ECF No. 169-4 at 4-7 (capitalization changed). The Nevada Supreme Court reviewed the merits of Bolin's claims and affirmed the state district court's denial of the petition. ECF No. 170-6 at 13-21. Remittitur issued July 17, 2007. *Id*. at 23.

## IV.    Bolin Commenced His Federal Habeas Proceedings.

Bolin mailed or handed his pro se federal habeas petition to a correctional officer on October 11, 2007. ECF No. 2 at 2. He filed a counseled First Amended Petition on April 30, 2008, and a Second Amended Petition on July 30, 2009. ECF No. 18; ECF No. 49. Following appointment of new counsel, Bolin filed a Third Amended Petition on November 27, 2012, and a Fourth Amended Petition on December 15, 2012. ECF No. 133; ECF No. 138.

On February 13, 2015, this Court denied relief on the Fourth Amended Petition and denied Bolin's request for an evidentiary hearing. ECF No. 227 at 48. The Court granted certificate of appealability based on its earlier denial of a *Rhines* stay. *Id*. at 49.

On April 26, 2021, the Ninth Circuit reversed this Court's denial of the *Rhines* stay. ECF No. 259 at 1. The case returned to this Court, where Bolin renewed his motion for stay so that he could return to state court to exhaust claims, which stay this Court granted. ECF No. 265; ECF No. 269.

## V.    Bolin Filed a Second Unsuccessful State Habeas Petition.

On June 21, 2022, Bolin commenced his second state habeas proceedings by filing a counseled petition for writ of habeas corpus. ECF No. 323 at 11-53. He subsequently amended his petition. *Id*. at 55-97. The state district court denied the petition, finding it procedurally barred. *Id*. at 138-55.

Bolin appealed, raising the following issues:

1.      CLAIM ONE: Ineffective Assistance of Trial Counsel
    a.      Failure to object to prosecutorial misconduct
    b.      Failure to investigate
    c.      Failure to advocate alibi defense
    d.      Cumulative prejudice in regard to ineffective assistance of trial counsel
2.      CLAIM TWO: Prosecutorial Misconduct
    a.      The prosecution engaged in misconduct by making improper remarks in its closing argument
    b.      The prosecution engaged in misconduct by making improper contact with its key witness
    c.      The prosecution engaged in misconduct by introducing false evidence

   3.  CLAIM THREE: Erroneous Admission of Hearsay Evidence Violated Due Process
   4.  CLAIM FOUR: Ineffective Assistance of Direct-Appeal Counsel
   5.  CLAIM FIVE: Cumulative Error

ECF No. 323 at 162-63. The Nevada Supreme Court affirmed the denial of the petition based on procedural bars. ECF No. 324 at 103-06. Remittitur issued December 18, 2023. ECF No. 355-32.

## VI. Bolin Returned to Federal Court.

Bolin again returned to this Court, where he moved to amend his petition again. ECF No. 322. The Fifth Amended Petition was filed on July 2, 2024. ECF No. 335. Bolin presents the following claims in the Fifth Amended Petition:

> Claim 1 (Violation of due process as to admission of unreliable eyewitness identification secured through unnecessarily suggestive one-on-one showup procedure).
>  A. The showup was unnecessarily suggestive.
>  B. The identification was not independently reliable.
> Claim 2 (Ineffective assistance of trial counsel as to admission of invalid DNA evidence and flawed statistical analysis)
> Claim 3 (Additional due process violations)
>  A. Prosecutorial misconduct—*Napue* violations
>    1. Failure to correct false DNA evidence
>    2. Failure to correct false P-30 evidence
>    3. Failure to correct false footwear-impression evidence
>  B. Prosecutorial misconduct—vouching for witnesses
>  C. Prosecutorial Misconduct—appeals to racial prejudice
>  D. Ineffective assistance of counsel
>    1. Failure to investigate P-30 evidence
>    2. Failure to investigate footwear evidence
>    3. Failure to investigate jailhouse informant's story
>  E. Changes in scientific knowledge
>    1. Flawed expert testimony that P-30 was "proof positive" of semen
>    2. Use of Discredited microscopic hair comparison
> Claim 4 (Cumulative error)

ECF No. 335 at 4-5 (capitalization changed).

Respondents move to dismiss the Fifth Amended Petition as untimely and all of the grounds as unexhausted, procedurally barred, and/or not cognizable.

/ / /

/ / /

/ / /

## ARGUMENT

Respondents deny any and all factual allegations in Bolin's petition except for those factual findings made by the state courts. The Anti-terrorism and Effective Death Penalty Act (AEDPA) governs these proceedings.[2]

**I.    The Fifth Amended Petition Is Untimely and This Court Must Dismiss All of the Claims That Do Not Relate Back to a Timely Filed Petition**

AEDPA imposes a one-year period of limitations for state prisoners, which runs from the conclusion of direct review, from the expiration of the time for seeking such review, or from a later date under specific circumstances. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). "This provision reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan v. Walker*, 633 U.S. 167, 179 (2001). "[T]he process of direct review . . . includes the right to petition [the United States Supreme Court] for a writ of certiorari." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983). Supreme Court Rule 13 provides that "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment" or "if a petition for rehearing is timely filed . . . from the date of the denial of rehearing." The one-year period of limitations begins to run when the Supreme Court affirms a conviction on the merits, denies a petition for a writ of certiorari, or the 90 days expires. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

The period is not tolled until an "application for State post-conviction or other collateral review" is properly filed with the state court clerk and the period continues to toll while the application remains "pending." *See* 28 U.S.C. § 2244(d)(2); *Orpiada v. McDaniel*, 750 F.3d 1086, 1087 (9th Cir. 2014). The prison mailbox rule does not apply to that application for collateral review. *Orpiada*, 750 F.3d at 1087. If an application for collateral review tolls the one-year period of limitations, the application remains pending "until the application has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). "28 U.S.C. § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." *Lawrence v. Florida*, 549 U.S. 327,

---

[2] Respondents do not waive exhaustion or any other available defense, including defenses this Court can raise *sua sponte*.

332 (2007). "[A] pro se petitioner's [federal habeas] petition is deemed constructively filed at the moment it is delivered to prison officials to be forwarded to the court clerk." *Patterson v. Stewart*, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001). "[Section] 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition." *Duncan*, 633 U.S. at 181. As a general rule, when the petitioner files an amended petition, the amended petition supersedes the original petition, and the court treats the claims in the original petition as waived. *See* Local Rule 15-1(a) (noting an amended petition supersedes an original petition in its entirety); *Cf. Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (finding claims that petitioner voluntarily dismissed as waived if not re-pled in an amended pleading).

A.    **Bolin's Fifth Amended Petition Is Untimely.**

In this case, Bolin's 90 days to file a petition with the United States Supreme Court began on August 27, 1998, the date the Nevada Supreme Court denied rehearing of its affirmance on direct appeal. ECF No. 165-4 at 2. Bolin timely filed his petition, and the United States Supreme Court denied the petition on March 1, 1999. *Id*. at 116. The one-year AEDPA limitations period began on that same day.

Thereafter, 52 days lapsed between the date the Supreme Court denied Bolin's petition for writ of certiorari until Bolin filed his first state habeas petition on April 22, 1999. ECF No. 165-5. Statutory tolling continued through July 17, 2007, when the Nevada Supreme Court issued remittitur following its affirmance of the denial of the petition. ECF No. 170-6 at 23.

An additional 86 days lapsed between the remitter date of July 17, 2007, until Bolin mailed or handed to a correctional officer his original federal habeas petition on October 11, 2007. ECF No. 2 at 2. The filing of the federal petition did not stop the limitations period, nor did it result in additional tolling; thus, Bolin's AEDPA limitations period therefore expired in May 2008.

Bolin filed his First Amended Petition in April 2008, but he did not file his Second Amended Petition until July 2009, over a year after the AEDPA limitations period ended. ECF No. 18; ECF No. 49. Bolin filed his Third Amended Petition in November 2012, over four years after the AEDPA limitations period concluded, and he filed his Fourth Amended Petition a few weeks later, in December 2012. ECF No. 133; ECF No. 138.

Bolin filed his operative Fifth Amended Petition in July 2024, 16 years after the conclusion of the AEDPA limitations period. ECF No. 335. Prior to that filing, Bolin was litigating his second state habeas

petition between June 2022 through December 2023. ECF No. 323; ECF No. 355-32. However, the Nevada Supreme Court determined that the petition was untimely, successive, and an abuse of the writ, in violation of Nevada's procedural bars in Nev. Rev. Stat. 34.726(1), Nev. Rev. Stat. 34.810(1)(b) and Nev. Rev. Stat. 34.810(2). Therefore, the time litigating the second state habeas petition was not subject to statutory tolling because the petition was not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

This Court must dismiss Bolin's Fifth Amended Petition as untimely unless Bolin can demonstrate that it relates back to his original petition or First Amended Petition. *See* 28 U.S.C. § 2244(d); *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003); Fed. R. Civ. P. 15(c)(1); *Ross v. Williams*, 950 F.3d 1160, 1166 (9th Cir. 2020).

Once a respondent establishes that the amended pleading in question is untimely, it is the petitioner's burden to prove his claims relate back to a prior timely filed petition. *Coons v. Industrial Knife Co., Inc.*, 620 F.3d 38, 44 (1st Cir. 2010); *In re Alstom S.A.,* 406 F. Supp. 2d 402, 430 (S.D.N.Y. 2005) (citing *Cornwell v. Robinson,* 23 F.3d 694, 705 (2d Cir. 1994)); *Matthews v. Gilmore*, No. CV 17-916, 2020 WL 998537, at *12 (W.D. Pa. Mar. 2, 2020) (unpublished) (collecting cases).

In *Mayle*, the United States Supreme Court significantly limited the application of the relation-back provision of Fed. R. Civ. P. 15(c) in habeas corpus proceedings for purposes of satisfying 28 U.S.C. § 2244(d)(1). *Mayle v. Felix*, 545 U.S. 644, 650 (2005). There, the Court rejected as too broad the Ninth Circuit's former relation-back standard, which allowed an amendment to a habeas petition to "relate back" to the date of the original petition "so long as the new claim stems from the habeas petitioner's trial, conviction or sentence." *Id*. at 656, 662-64.

**B.**    **Bolin's Claims Do Not Relate Back to a Timely Filed Petition.**

Bolin cannot demonstrate that any of the claims in the Fifth Amended Petition relate back to a timely filed petition. Bolin's claims do not share a common core of operative facts with the original pro se petition or the First Amended Petition such that they relate back. *See Ross*, 950 F.3d at 1171 (citing *Mayle*, 545 U.S. at 657-59). When a claim in a new petition requires proof of alleged facts that differ in time *or* type from facts alleged in the original petition, then the claims do not arise from a common core of operative facts and the new claims do not relate back to the old claims. *See Mayle,* 545 U.S. at 650;

*Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012). A demonstration that the originally and newly asserted legal theories share a single fact "is not sufficient to conclude that they arise out of a common *core* of operative facts." *Schneider*, 674 F.3d at 1151 (emphasis in original).

First, as to Claim 1, although this claim bears similarity with Claim 8 of the First Amended Petition, Bolin incorporates into this claim "all preceding paragraphs and in particular, paragraphs 6-43." ECF No. 335 at 61. In the preceding paragraphs, to which Bolin refers, Bolin alleged several facts that he failed to raise in either his original pro se petition or in his First Amended Petition. This is readily evident by the fact that Bolin cites several exhibits in support of his facts, which exhibits Bolin failed to previously file with the original pro se petition or the First Amended Petition. This includes, but is not limited to Exhibits 157-161 (ECF No. 324), 163-169 (ECF No. 324), 171-172 (ECF No. 324), 174-177 (ECF No. 324), 178 (ECF Nos. 325-326), 179 (ECF No. 326); 180-205 (ECF No. 327), 207 (ECF No. 327), 214 (ECF No. 327). ECF No. 335 at 22-29, 40, 47, 49-59. These additional factual allegations cause Claim 1 to no longer share a common core of operative facts with any claim in a timely filed petition.

Next, as to Claim 2, the claim bears similarity with Claim 7 of the First Amended Petition, but as with Claim 1, Bolin incorporates "all preceding paragraphs," noting specifically paragraphs 51-71. ECF No. 335 at 69. Again, as with Claim 1, the preceding paragraphs incorporate factual allegations that Bolin failed to present with his original pro se petition or First Amended Petition, including but not limited to the exhibits Respondents listed in the previous paragraph. Additionally, Bolin adds new factual allegations in the body of Claim 2. ECF No. 335 at 72. Accordingly, Claim 2 does not relate back to a timely filed claim.

Claim 3 suffers from the same issue as noted above with respect to Claims 1 and 2—Bolin alleges new facts in the preceding paragraphs of his Fifth Amended Petition, which facts and corresponding exhibits he failed to previously raise in his original pro se petition or First Amended Petition. ECF No. 335 at 73. Furthermore, Bolin raises many entirely new subclaims in Claim 3, which he supports with an entirely new sets of facts that he did not present in the original pro se petition or in the First Amended Petition. This includes Claim 3(A) (including subclaims 2, and 3), Claim 3(D) (including subclaims 1, 2, and 3), Claim 3(E) (including subclaims 1 and 2). These claims bear no similarity to any claims in the original pro se petition nor the First Amended Petition, nor do the claims share a common core of

operative facts. Likewise, Claim 3(A)(1) and 3(B) share some similarities with claims in the original pro se petition or First Amended Petition; however, the claims are distinctly modified to include new allegations and new facts, resulting in the claims not sharing a common core of operative facts with any similar claims in any timely filed petition. Although Claim 3(C) is similar to Claim 6 of the First Amended Petition, as noted above, it incorporates the paragraphs preceding the claim, which includes multiple to new facts and reliance on new exhibits that Bolin did not include in any timely filed petition.

Finally, Claim 4 does not relate back to a timely filed petition. As Claim 4 incorporates all preceding paragraphs and claims in Bolin's Fifth Amended Petition, it suffers from all of the detriments to relation back identified in this section with respect to Claims 1, 2, and 3. *See* ECF No. 335 at 97. While the First Amended Petition included a cumulative error claim, the claim in the First Amended Petition cumulated an entirely different set of claims relying on an entirely different set of facts, so Claim 4 does not relate back to that claim, or to any other claim in a timely filed petition.

Accordingly, this Court should dismiss all claims as untimely because they do not relate back to any timely filed claim.

## II.    All Claims Are Unexhausted, at Least in Part.

This Court should dismiss Claim 1 in part, Claim 2 in part, Claim 3(A), Claim 3(B), Claim 3(C), Claim 3(D), Claim 3(E), and Claim 4, because Bolin failed to fairly present these claims before the Nevada courts.

28 U.S.C. § 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> > (B) (i) there is absence of available State corrective process; or
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

The exhaustion requirement is a matter of comity designed to afford state courts the first opportunity to remedy a constitutional violation. *See Jackson v. Roe*, 425 F.3d 654, 657-58 (9th Cir. 2005). To satisfy exhaustion, the petitioner must have previously presented each claim to the Nevada

appellate courts with references to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief. *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2002). "It is not enough that all the facts necessary to support the federal claim[s] were before the state courts." *Anderson v. Harless,* 459 U.S. 4, 6 (1982). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1997); *see also Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001) ("[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims.") (emphasis in original). "Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory." *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005).

Fair presentation of a claim of ineffective assistance of counsel does not exhaust a related substantive claim. *Rose v. Palmateer*, 395 F.3d 1108, 1111-12 (9th Cir. 2005). The petitioner must exhaust ineffective-assistance-of-counsel claims individually. *Kelly v. Small*, 315 F.3d 1063, 1068 n.2 (9th Cir. 2003) *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). "[A] general appeal to a constitutional guarantee as broad as due process" is not enough to present the substance of such a claim to a state court. *Gray v. Netherland*, 518 U.S. 152, 153 (1996). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion." *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003) (internal citations omitted).

A petitioner must make "a fair presentation" of their federal claims to the state courts. "Fair presentation requires that a state's highest court has a 'fair opportunity to consider [an appellant's constitutional claim] and to correct that asserted constitutional defect.'" *Lounsbury v. Thompson*, 374 F.3d 785, 787-88 (9th Cir. 2004) (citations omitted). This means that claims presented in a procedurally improper manner such that the state court did not have a fair opportunity to consider their merits are unexhausted. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that a petitioner cannot achieve exhaustion procedurally deficient or improper means); *McQuoun v. McCartney*, 795 F.2d 807, 809 (9th Cir. 1986) (stating that a petitioner exhausts a claim only when they presented it in a way that provides the state appellate courts with an opportunity to rule on its merits); *Galvan v. Alaska Dep't of Corr.*, 397

1   F.3d 1198, 1204 (9th Cir. 2005) ("Briefing a case is not like writing a poem, where the message may be

2   conveyed entirely through allusions and connotations. Poets may use ambiguity, but lawyers use clarity.

3   If a party wants a state court to decide whether she was deprived of a federal constitutional right, she has

4   to say so."). A "mixed" petition—a petition containing both exhausted and unexhausted grounds—is

5   subject to dismissal. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).[3]

6       A claim has not been fairly presented in state appellate court if the new factual allegations either

7   "fundamentally alter the legal claim already considered by the state courts," *Vasquez v. Hillery,* 474 U.S.

8   254, 260 (1986); *Beaty v. Stewart,* 303 F.3d 975, 989–90 (9th Cir. 2002), or "place the case in a

9   significantly different and stronger evidentiary posture than it was when the state courts considered it."

10  *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014) (quoting *Vasquez*, 474 U.S. at 260; *Aiken v.*

11  *Spalding*, 841 F.2d 881, 883 (9th Cir. 1988)). However, *Shinn v. Ramirez*, 596 U.S. 366 (2022), "greatly

12  restrict[ed] the circumstances in which a federal habeas court deciding *Martinez*[4] claims may consider

13  evidence beyond that already contained in the state court record. *Creech v. Richardson*, 59 F.4th 372,

14  378-79 (9th Cir. 2023).

15      A.    **Claim 1 Is Unexhausted in Part.**

16      In Claim 1, Bolin argues due process violations based on the alleged unreliable eyewitness

17  identification secured through a suggestive showup procedure. ECF No. 335 at 61-69. Bolin presented

18  similar claims in claim I of his first state habeas appeal and claim II of his direct appeal. However, Bolin

19  "incorporates by reference . . . all preceding paragraphs" of his Fifth Amended Petition as part of Claim

20  1. The preceding paragraphs contained a multitude of new factual allegations that Bolin did not present

21  to the Nevada Supreme Court, including specific details regarding P-30 proteins, and other scientific

22  details, among other facts. Thus, Claim 1 is unexhausted to the extent that it incorporates previous

---

25      [3] In a circumstance where the petitioner fails to give the state appellate court an opportunity to
26  apply its procedural bars, a federal court must bar the claim where application of the bars is clear.
    *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). In a circumstance where a federal court considers
27  an unexhausted claim, the state court has not had the opportunity to apply its procedural bar(s). Nevada's
    state procedural bars are found at Nev. Rev. Stat. 34.726, Nev. Rev. Stat. 34.800, and Nev. Rev. Stat
28  34.810.
        [4] *Martinez v. Ryan*, 566 U.S. 1 (2012).

paragraphs, and this Court should either dismiss the claim entirely, or at minimum dismiss the portion of the claim that incorporates previous paragraphs.

Bolin incorporated all previous paragraphs into each of his claims, so Respondents incorporate this argument into each of the remaining subsections of Section II herein. This Court should dismiss, at minimum, each Claim's incorporation of previous paragraphs.[5]

**B.      Claim 2 Is Unexhausted in Part.**

In Claim 2, Bolin argues that his trial counsel were ineffective with respect to the prosecution's presentation of evidence regarding DNA of a foreign hair found on the victim, as well as the prosecution's reliance and interpretation of statistical data regarding the hair. ECF No. 335 at 69-73. The Nevada Supreme Court denied this claim when Bolin raised it in Claim F of his state post-conviction appeal. ECF No. 170-6 at 16-17. However, Bolin presents discrete issues within this claim, which he failed to exhaust in the Nevada courts.

First, Bolin argues that trial counsel failed to correct their own expert's alleged misstatements about the DNA evidence. ECF No. 335 at 72. Second, Bolin argues that trial counsel failed to address the contamination of the DNA during closing argument. *Id*. These are distinct claims of ineffective assistance of counsel, which differ from the claim that Bolin presented to the Nevada Supreme Court. The claim before the Nevada Supreme Court focused on trial counsel's actions during the prosecution's case in chief, as well as trial counsel's failure to pursue motions to preclude the evidence or for mistrial, not trial counsel's actions during the presentation of Bolin's case or in closing argument. ECF No. 25-4 at 53-63.

The petitioner must exhaust ineffective-assistance-of-counsel claims individually. *Kelly*, 315 F.3d at 1068 n.2. Bolin failed to exhaust these particular ineffective assistance of counsel claims that he includes with Claim 2. Contrary to Bolin's statement that this Court already found Claim 2 exhausted, ECF No. 348-1 at 2, the claims to which Bolin refers (Claim 9 of the Second Amended Petition and

---

[5] Per *Shinn v. Ramirez*, 596 U.S. 366, *Cullen v. Pinholster*, 563 U.S. 170 (2011), and several related cases, if this Court does not dismiss Bolin's claims based on their inclusion of new facts or evidence that Bolin failed to properly develop in state court, then the Court should strike the new evidence or decline to consider it when reviewing the merits of Bolin's claims. Should any of Bolin's claims survive Respondents' motion to dismiss, Respondents will address this in greater detail in their answer to any remaining claims.

Claim 9 of the Fourth Amended Petition), are not ineffective assistance of counsel claims, so this Court's decision as to the exhaustion of those claims is not relevant with respect to this Court's determination of whether Claim 2—an ineffective assistance of counsel claim—is exhausted. ECF No. 49 at 155-72; ECF No. 138 at 54-74. Accordingly, the Court should dismiss this unexhausted portion of Claim 2.[6]

### C.    Claim 3(A) Is Unexhausted.

In Claim 3(A), Bolin argues that there was prosecutorial misconduct based on allege *Napue* violations involving (1) DNA evidence, (2) P-30 evidence, and (3) footwear impression evidence. ECF No. 335 at 73-84. Although Bolin presented similar claims in Claim 2 of his second state habeas appeal, Claim 3(A) before this Court is much more detailed and contains many new factual and legal allegations. *Cf.* ECF No. 323 at 177-79, 181-94, ECF No. 335 at 73-84. Therefore, Claim 3(A) is fundamentally altered from the related claim that Bolin presented to the Nevada Supreme Court. *See Vasquez,* 474 U.S. at 260.

For example, in Claim 3(A)(1), Bolin presents the following factual and legal allegations that he failed to specifically identify in his claim before the Nevada Supreme Court:

- The prosecution made no attempt to correct its witnesses' misleading testimony that the DNA result was probative of the hair's donor
- The Cellmark Report was not admitted into evidence
- The prosecution should have known the DNA evidence was inconclusive because its witness, Paula Yates, testified she could not tell whether the DNA was from the root or from contamination
- The prosecution elicited extensive testimony about the frequency of the DNA profile of the contaminated hair in the Black population and the number of Black men between ages 20 and 44 living in Las Vegas

---

[6] If this Court disagrees with Respondents' position that claims that counsel were not distinct ineffective assistance of counsel claims, but rather fall within the same ineffective assistance of counsel claim that Bolin primarily presents in Claim 2, then this Court will owe deference to the Nevada Supreme Court's denial of this claim, should the claim survive to a merits-based review. The same principle is true of all other claims as well.

- The prosecution argued Bolin was the only person of the possible nine to eleven individuals potentially matching the DNA profile who was acquainted with the victim's sister, had a tattoo on his right shoulder, etc.
- The defense experts disputed the DNA frequencies and Las Vegas demographics but did not contest the validity of the DNA evidence

ECF No. 335 at 75.

Furthermore, in Claim 3(A)(2), Bolin presents the following factual and legal allegations that he failed to specifically identify in his claim before the Nevada Supreme Court:

- The prosecution argued that the sexual assault,  based on the P-30 evidence, was the motive for the victim's murder
- The P-30 conclusion led the trial court to admit Bolin's 1975 rape conviction
- The prior conviction and the instant offense were distinguishable aside from superficial similarities, but the trial court concluded that both cases involved brutal and forcible rapes and aberrant sexual behaviors similar enough to demonstrate consistent underlying themes, which could be used toward showing the perpetrator's identity, common plan, intent, etc.
- The prosecution used the prior offense to show that Bolin learned a lesson from his prior conviction to silence the victim so she could not identify him
- Outside of the P-30 evidence, other evidence such as the pantyliner found on the road, the inside-out underwear, and the foreign hair, do not show penetration
- The trial court judge thought the sexual assault evidence was weak; the prosecution and a Nevada Supreme Court justice agreed

ECF No. 335 at 78-79.

Finally, in Claim 3(A)(3), Bolin presents the following factual and legal allegations that he failed to specifically identify in his claim before the Nevada Supreme Court:

- The prosecution overstated evidence in closing, suggesting that the footwear impressions at the crime scene were an exact match for Bolin's shoe size

- Michael Belcher testified regarding the footwear impressions, including that the impression were smooth, large, and maybe size 10 or 11

- Belcher did not offer foundation for his testimony about the shoe size and did not establish himself as an expert in footwear impressions

- Daniel Ford testified that he took pictures of the footwear impressions and put a ruler down for size identification and that the impressions measured about eleven inches

- Torrey Johnson testified regarding the footwear impression photos and several pairs of shoes that were recovered from Bolin's house, including that the shoes were size 10.5 and eleven and three-quarters to eleven and seven-eighths inches long, and the impressions at the crime scene were about eleven and a half inches long

- The prosecution repeatedly referenced the precise shoe size of 10.5, even though the testimony was only that the impressions were generally in the same size range as Bolin's shoes

- During closing argument, the prosecution published a demonstrative poster to the jury that boldly stated "FOOTWEAR IMPRESSION SAME SIZE AS DEFENDANT"

- Certified footwear examiner Dr. Alicia Wilcox reported the industry standard for measuring impressions was to place a camera on a tripod and ensure the lens in parallel to the impression; failure to do so can distort the measurements

- The photographs taken by Daniel Ford failed to comply with the aforementioned standard, so any comparisons derived therefrom were unreliable

- It is improper to compare shoes to footwear impressions

- The length of an impression cannot correlate to a specific size; rather it can only reflect a range of possible size depending on the brand

- The footwear impressions in Bolin's case were featureless, so the brand could not be determined

- Shoes sizes are very fine measurements, with each half-size reflecting a two-to-five-millimeter difference in length

- Ford's estimation of the footwear impressions being 11 inches in length would corelate with a shoe size of 6.5 to 8 depending on the brand, not a shoe size between 10 and 11, as Belcher testified

- Even with the 11.5-inch length estimate Belcher provided, it would correspond to shoe sizes of 8.5 to 9.5, not Bolin's 10.5 shoes size

Bolin also included a chart showing shoe sizes and measurements for various brands. ECF No. 335 at 80-84.

Based on the large amount of new factual and legal allegations that Bolin presents in Claim 3(A), which he failed to present to the Nevada Supreme Court, this Court should dismiss this claim as unexhausted.

### D.    Claim 3(B) Is Unexhausted.

In Claim 3(B), Bolin argues that the prosecution committed misconduct by vouching for witnesses. ECF No. 335 at 84-85. Bolin presented a similar claim in Claim 2(a) of his second state habeas appeal, but he now alleges new factual and legal allegations that render his claim fundamentally altered from the claim that he raised to the Nevada Supreme Court. *See* ECF No. 323 at 181-86; *See Vasquez,* 474 U.S. at 260.

First, Bolin incorporated all previous paragraphs of his Fifth Amended Petition into Claim 3(B), so Respondents incorporate all of Section III herein, explaining how the previous claims contained several new allegations. Second, Bolin presented the following new allegations specifically within Claim 3(B):

- The prosecution suggested that extra-record evidence supported Sirevaag's testimony

- The prosecution stated that Sirevaag was not a credible witness, that he had not had any legal training, and that he did not know the rules of evidence

- The prosecution stated that Sirevaag had done everything a reasonable person could do and that he cooperated with law enforcement

- The prosecution's statements improperly relied on the prosecutors' own experience

ECF No. 335 at 85.

/ / /

Based on these new factual and legal allegations, which Bolin failed to present to the Nevada courts, this Court should dismiss Claim 3(B) as unexhausted.

### E.    Claim 3(C) Is Unexhausted.

In Claim 3(C), Bolin argues that the prosecution committed misconduct by appealing to racial prejudice. ECF No. 335 at 86-88. Bolin raised a similar issue in Claim 2(a) of his second state habeas appeal. ECF No. 323 at 181-84. However, in Claim 3(C), Bolin incorporates all of the preceding paragraphs of his Fifth Amended Petition. Thus, Respondents incorporate the entirety of Section III, herein, wherein they explain that the previous claims contained several new factual and legal allegations, rendering this claim unexhausted.

### F.    Claim 3(D) Is Unexhausted.

In Claim 3(D), Bolin alleges ineffective assistance of counsel based on (1) failure to investigate P-30 evidence; (2) failure to investigate footwear evidence; and (3) failure to investigate jailhouse informant's story. ECF No. 335 at 88-94. Bolin raised similar issues in claims 1 and 2 of his second state habeas appeal. ECF No. 323 at 172-94. However, Bolin alleges many new facts and legal allegations in Claim 3(D). Thus, his claim is fundamentally altered from the claim he presented to the Nevada Supreme Court. *See Vasquez,* 474 U.S. at 260.

First, as to each of the subclaims in Claim 3(D), Bolin incorporates all preceding paragraphs in the Fifth Amended Petition. Thus, Respondents incorporate the entirety of Section III herein, wherein Respondents explain the many new factual and legal allegations that Bolin raised throughout the Fifth Amended Petition. Furthermore, Bolin specifically incorporates his related underlying claims of prosecutorial misconduct, as alleged in Claim 3(A) of his Fifth Amended Petition, so Respondents particularly note the many new factual and legal allegations described above in Section II(C). These new factual and legal allegations alone render this claim fundamentally altered from the claims that Bolin presented to the Nevada Supreme Court.

Furthermore, in Claim 3(D)(1) specifically, Bolin presents the following new factual and/or legal allegations:

- Bolin's trial counsel failed to correct the prosecution witness's testimony regarding P-30 evidence

- Trial counsel presented testimony of a defense expert who erroneously endorsed the prosecution witness's testimony
- Trial counsel failed to bring a motion to dismiss the sexual assault charge despite the lack of evidence of penetration and failed to bring a motion to exclude the P-30 evidence
- Trial counsel failed to object to the presentation of P-30 evidence as evidence of sexual assault, leading to the admission of testimony on Bolin's prior rape conviction
- Trial counsel failed to object to the prosecution' witness's testimony that P-30 is proof positive of semen
- Trial counsel's own expert agreed P-30 was semen specific
- During closing arguments, trial counsel failed to object when the prosecution argued that the presence of semen proved penetration and instead agreed that the presence of P-30 was indicative of sexual intercourse

ECF No. 335 at 88-89. The legal allegations in this subclaim are quite distinct from the claim in Bolin's second state habeas appeal, wherein he focused on counsel's failure to investigate. ECF No. 323 at 174-79.

Additionally, in Claim 3(D)(2), Bolin also sets forth the following new factual and or legal allegations:

- On cross-examination of prosecution witness Bechler, trial counsel did not ask whether the footwear impression photos were taken in accordance with accepted forensic standards.
- On cross-examination of prosecution witness Johnson, trial counsel corrected a misstatement as tot the length of one of the shoes found at Bolin's house but did not otherwise challenge Johnson's analysis
- Bolin's counsel did not cross-examine the prosecution witnesses regarding their methodology for converting the length of the footwear impression to the size of shoe
- Trial counsel called expert Dr. John Thornton to discuss footwear-impression evidence, but Thornton lacked footwear impression expertise, so he could not correct the prosecution witnesses' testimony.

- Bolin's lead trial attorney confirmed that it did not occur to him to consult with an expert on forensic footwear impressions and that the failure was not strategic.

ECF No. 335 at 91-92.

Accordingly, this Court should dismiss Claim 3(D) as unexhausted.

### G.    Claim 3(E) Is Unexhausted.

In Claim 3(E) (both subclaims 1 and 2), Bolin argues that the evidence the prosecution relied on to convict him has since been discredited. ECF No. 335 at 94-97. He focuses on the P-30 evidence and microscopic hair comparison. *Id*. Bolin acknowledges that he failed to exhaust these claims. ECF No. 335 at 95; ECF No. 348-1 at 5. This Court should therefore dismiss Claim 3(E) as unexhausted. Alternatively, as discussed below in Sections III and IV, this Court should dismiss the claim as procedurally defaulted, as Bolin fails to establish that he can overcome the default if the claim is technically exhausted.

### H.    Claim 4 Is Unexhausted.

In Claim 4, Bolin presents a cumulative error claim. ECF No. 335 at 97-100. A cumulative error claim must be clearly identified by the petitioner before a state court to be exhausted. *Wooten v. Kirkland*, 540 F.3d 1019, 1026 (9th Cir. 2008) (citing *Solis v. Garcia*, 219 F.3d 922, 930 (9th Cir. 2000)). At no time did Bolin present a cumulative error claim that encompassed all of the legal and factual allegations presented in his amended petition. *See* ECF No. 23-4, 23-5 (direct appeal opening brief); ECF No. 25-4 (first state habeas opening brief); ECF No. 323 at 159-203 (second state habeas opening brief. This claim was not fairly presented to the Nevada Supreme Court or the Nevada Court of Appeals. Therefore, it is unexhausted.

### III.    To Demonstrate Technical Exhaustion, Bolin Must Admit No Available Remedies, and Any Technically Exhausted Claims Are Procedurally Defaulted.

A claim is technically exhausted, "[i]f a state court would dismiss . . . claims for their procedural failures, . . . because, in the habeas context, 'state-court remedies are . . . no longer available, regardless of the reason for their unavailability.'" *Shinn v. Ramirez*, 596 U.S. at 378 (quoting *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006)).

/ / /

24

Nevada's procedural bars include Nev. Rev. Stat. 34.726, Nev. Rev. Stat. 34.800, and Nev. Rev. Stat. 34.810. In Nevada, the application of procedural bars is mandatory. *See State v. Eighth Judicial Dist. Court (Riker),* 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005).  A petitioner may overcome the bars in Nev. Rev. Stat. 34.726 and Nev Rev Stat 34.810 by demonstrating good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). A petitioner may overcome all of the bars by demonstrating actual innocence, such that a fundamental miscarriage of justice would result were the underlying claims not heard on the merits. *See* NRS 34.800(1)(b); *Pellegrini v. State,* 34 P.3d 519, 537 (Nev. 2001).

Unless Bolin affirmatively asserts that these remedies are not available to him, his unexhausted claims are not technically exhausted.

If a claim is technically exhausted, it "will be deemed procedurally defaulted." *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011). A federal habeas court cannot review a procedurally barred matter unless the petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Vansickel v. White*, 166 F.3d 953, 958 (9th Cir. 1999) (citation omitted); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) (federal court barred from considering habeas petition where state procedural requirements not met).

All of Bolin's technically exhausted claims are procedurally defaulted and Bolin cannot establish good cause and prejudice to overcome the procedural default. Therefore, this Court should dismiss those grounds.

## IV.    To the Extent that Bolin Fairly Presented Claims 3(A-D) and 4, They Are Procedurally Defaulted.

The Nevada Supreme Court determined that all claims that Bolin raised in his second state habeas petition were procedurally barred because the petition was untimely in violation of Nev. Rev. Stat. 34.726(1), and the petition was successive and an abuse of the writ in violation of Nev. Rev. Stat. 34.810(1)(b), (2). ECF No. 324 at 103-04. The Nevada Supreme Court further determined that Bolin failed to establish good cause and prejudice to overcome the bars. *Id*. at 104-05. Thus, to the extent that this Court finds Bolin correct that he exhausted Claims 3(A-D) and 4, by allegedly fairly presenting them

in his second state habeas proceedings, this Court should dismiss those claims as procedurally defaulted. Likewise, to the extent that this Court finds that Bolin fairly presented Claim 3(E) in the second state habeas proceedings, the Court should also dismiss Claim 3(E) as procedurally defaulted.

"The independent and adequate state ground doctrine prohibits the federal courts from addressing the habeas corpus claims of state prisoners when a state-law default prevented the state court from reaching the merits of the federal claims." *Thomas v. Lewis*, 945 F.2d 1119, 1122 (9th Cir. 1991). Each of Nevada's state procedural bars applied to deny Bolin's second state habeas petition—including but not limited to the time bar, laches, and the prohibition against second and successive petitions—are independent and adequate. *See*, *e.g.*, Nev. Rev. Stat. 34.726; Nev. Rev. Stat. 34.800; Nev. Rev. Stat. 34.810(1)(b) *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003); *Moran v. McDaniel*, 80 F.3d 1261, 1269-70 (9th Cir. 1996).

Whether a claim is procedurally defaulted is a preliminary issue before a federal court's consideration of the merits of a claim. *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997). A state procedural bar must be clear, consistently applied, and well-established at the time of petitioner's purported default. *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). A federal habeas court cannot review a procedurally barred matter unless the petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Vansickel v. White*, 166 F.3d 953, 958 (9th Cir. 1999) (citation omitted); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) (finding the federal court barred from considering habeas petition where state procedural requirements not met).

The Nevada Supreme Court determined that Bolin's second state habeas petition was procedurally barred under Nevada's state procedural bars and the Nevada appellate courts did not consider them on the merits. There is no basis for federal review of these grounds in Bolin's state post-conviction petition for a writ of habeas corpus. *See Thomas*, 945 F.2d at 1122. Therefore, this Court should dismiss Claims 3(A-E) and 4 as procedurally defaulted, to the extent that Bolin exhausted them through his second state habeas petition.

/ / /

/ / /

1    **V.    Claim 4 Does Not Raise a Cognizable Claim Under the Federal Constitution.**

2           Federal habeas relief is available only for violations of the federal Constitution, laws, and treaties.

3    28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Federal habeas corpus relief does

4    not lie for errors of state law, including state constitutions. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990);

5    *Murdoch v. Castro*, 365 F.3d 699, 703 fn. 1 (9th Cir. 2004), *citing Jammal v. Van de Kamp*, 926 F.2d

6    918, 919 (9th Cir. 1991) ("We are not a State Supreme Court of errors; we do not review questions of

7    state evidence law. On federal habeas we may only consider whether the petitioner's conviction violated

8    constitutional norms.").

9           In Claim 4, Bolin raises a cumulative error claim. Cumulative error claims are not cognizable on

10   federal habeas review. ECF No. 335 at 97-100; *see*, *e.g.*, *Williams v. Anderson,* 460 F.3d 789, 816 (6th

11   Cir. 2006) (finding claims of cumulative error are not cognizable on federal habeas because the Supreme

12   Court has not spoken on this issue); *Fisher v. Angelone,* 163 F.3d 835, 852-53 (4th Cir.1998) (concluding

13   a court must review ineffective assistance of counsel claims, like claims of trial court error, individually,

14   rather than collectively); *Wainwright v. Lockhart,* 80 F.3d 1226, 1233 (8th Cir. 1996) ("Neither

15   cumulative effect of trial errors nor cumulative effect of attorney errors are grounds for habeas relief.");

16   *see also Littlejohn v. Trammell,* 704 F.3d 817, 869 and n.29 (10th Cir. 2013) (noting a divergence

17   between circuit courts on the issue of cumulative error, including prejudice from allegedly

18   constitutionally deficient performance of petitioner's counsel); *but see Parle v. Runnels*, 505 F.3d 922,

19   929 (9th Cir. 2007) ("*Chambers* and its progeny clearly established the cumulative error doctrine decades

20   ago.").[7] As demonstrated by the split of authority among circuits, whether the cumulative effect of errors

21   is cognizable under the AEDPA is not "clearly established." *See also Chambers v. Mississippi*, 410 U.S.

22

23

24           [7] The court in *Parle* impermissibly relied on dicta in a footnote in *Chambers v. Mississippi*, 410
     U.S. 284, 302 (1973), a case involving a petition for certiorari after denial on direct appeal, to conclude
25   that such a principle was clearly established. *Id.*; *see also Rose v. Lundy*, 455 U.S. 509, 531, (1982)
     (Blackmun J., concurring) (questioning, after *Chambers*, whether the errors in four claims can cumulate
26   where the factual allegations and legal conclusions upon which those claims depend are distinct);
     *Williams v. United States*, 401 U.S. 667, 682 (1971) (explaining that the Supreme "Court's function in
27   reviewing a decision allowing or disallowing a writ of habeas corpus is, and always has been,
     significantly different from [its] role in reviewing on direct appeal the validity of nonfinal criminal
28   convictions.").

284, 302-03 (1973) ("In reaching this judgment, we establish no new principles of constitutional law" and expressly limiting the holding to "the facts and circumstances" of the case before it).

In the absence of Supreme Court precedent recognizing a claim of "cumulative error," this ground is not clearly established by federal law. *See Forrest v. Florida Dep't of Corr.*, 342 F. App'x 560, 564 (11th Cir. 2009) ("The Supreme Court has not directly addressed the applicability of the cumulative error doctrine in the context of an ineffective assistance of counsel claim."). Therefore, Bolin cannot be entitled to relief under AEDPA because he cannot demonstrate that the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Therefore, this Court should dismiss Claim 4 as non-cognizable.

## CONCLUSION

For the reasons stated above, this Court should dismiss the entirety of the Fifth Amended Petition.

RESPECTFULLY SUBMITTED this 3rd day of January, 2025.

AARON D. FORD
Attorney General

By: */s/ Erica Berrett*
    Erica Berrett (Bar. No. 13826)
    Senior Deputy Attorney General

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General and that on this 3rd day of January 2025, I served a copy of the foregoing *Motion to Dismiss Fifth Amended Petition for Writ of Habeas Corpus (ECF No. 335)* by U.S. District Court CM/ECF electronic filing to:

Julie D. Cantor MD | JD
J. CANTOR LAW
1112 Montana Avenue, #330
Santa Monica, CA 90403
jc@jcantorlaw.com
*Admitted pro hac vice*

Paola Armeni
CLARK HILL PLC
1700 S. Pavilion Center Drive, Suite 500
Las Vegas, NV 89135
parmeni@clarkhill.com
*Attorneys for Petitioner Gregory Bolin*

Jonathan P. Schneller
O'MELVENY & MYERS LLP
400 S. Hope Street, 18th Floor
Los Angeles, CA 90071
jschneller@omm.com
*Admitted pro hac vice*

Eric W. Swanis, Esq.
Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
swanise@gtlaw.com

Kelly Kambourelis
O'MELVENY & MYERS LLP
400 S. Hope Street, 18th Floor
Los Angeles, CA 90071
kkambourelis@omm.com
*Admitted pro hac vice*

/ / /

/ / /

/ / /

/ / /

Caroline Heller, Esq.
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, New York 10017
Caroline.Heller@gtlaw.com
*Admitted pro hac vice*

I certify that some of the participants in the case are not registered electronic filing system users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or via facsimile transmission or e-mail; or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following unregistered participants:

Jennifer Bartlett
Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Jennifer.Bartlett@gtlaw.com
*Admitted Pro hac vice*

*/s/ C. Martinez*
An employee of the Office of the Attorney General