**Julie D. Cantor MD | JD**
California Bar No. 231672*
J. CANTOR LAW
1112 Montana Ave., #330
Santa Monica, CA 90403
(424) 291-2194 (phone)
jc@jcantorlaw.com
*Admitted pro hac vice

**Jonathan P. Schneller**
California Bar No. 291288*
**Kelly Kambourelis**
California Bar No. 336324*
O'MELVENY & MYERS LLP
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
(213) 430-6000 (phone)
jschneller@omm.com
kkambourelis@omm.com
*Admitted pro hac vice

**Paola M. Armeni**
Nevada Bar No. 8357
CLARK HILL PLC
1700 South Pavilion Center Drive, Suite 500
Las Vegas, NV 89135
(702) 697-7509 (phone)
parmeni@clarkhill.com

*Attorneys for Petitioner Gregory Bolin*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY BOLIN,<br><br>  Petitioner,<br><br>  v.<br><br>WILLIAM GITTERE, *et al.*,<br><br>  Respondents. | Case No. 3:07-cv-00481-ART-CLB<br><br>**PETITIONER'S MOTION FOR EVIDENTIARY HEARING**<br><br>**DEATH PENALTY CASE** |

## I. INTRODUCTION

Petitioner Gregory Bolin moves for an evidentiary hearing to support both the fundamental miscarriage of justice gateway under *Schlup v. Delo*, 513 U.S. 298 (1995), and the merits of the claims in his Fifth Amended Petition. Bolin submitted the following documentary evidence in connection with his Fifth Amended Petition:

- Evidence that P-30 can be found in vaginal fluid (and is not exclusive to semen), meaning that the expert testimony that P-30 is "proof positive" of semen was false and the prosecution's theory of motive, the introduction of prejudicial evidence about Bolin's prior rape conviction, and the sexual assault charge against Bolin were baseless (ECF No. 325 at 42, 43, 235 (Ex. 178); ECF No. 326 at 184-226 (Ex. 179); ECF No. 327 at 10-138 (Exs. 180-201));

- Evidence from Lisa Forman Neall, Ph.D., the population geneticist who oversaw the Cellmark Report, that the DNA result and accompanying population frequencies used in Bolin's trial were forensically meaningless because the foreign hair found on Ricks was contaminated (ECF No. 324 at 184-92 (Ex. 177); ECF No. 325 at 49; ECF No. 326 at 40-42 (Ex. 179));

- Evidence that microscopic hair comparison is an unreliable technique and should not have been used at trial for the proposition that one of Bolin's sample hairs was "identical" to or "indistinguishable" from the foreign hair (ECF No. 327 at 139-89 (Exs. 202-205); ECF No. 325 at 55 (Ex. 178));

- Evidence that the crime scene analysts used improper methodologies and drew false conclusions about the size of the footwear impressions at the scene, such that the prosecution's argument that the impressions were the "SAME" size as Bolin's shoe size was false (ECF No. 327 at 190-203 (Ex. 206));

- Evidence rebutting jailhouse informant Michael Siebert's story that he learned details about the Ricks crime scene from Bolin's paranoid questions about leaving fingerprints at the scene (ECF No. 327 at 204-08 (Ex. 207)); and

1. - Evidence that decisions of lead trial attorney David L. Phillips were not strategic (ECF No. 327 at 218-19 (Ex. 210)).

At an evidentiary hearing, Bolin would present live testimony of witnesses and experts so the Court can assess the credibility and reliability of this new evidence, in addition to evidence undercutting the reliability of the eyewitness identification and other circumstantial evidence in this case. As explained below, 28 U.S.C. § 2254(e)(2) does not bar evidentiary hearings or the presentation of new evidence for the *Schlup* gateway or claims that bypass procedural defaults under *Schlup*, and Bolin satisfies section 2254(e)(2)'s requirements in any event.

To be sure, the documentary evidence Bolin submitted with his Fifth Amended Petition may well suffice without an evidentiary hearing for evidence that is indisputable. *See Ceras v. Frauenheim*, 732 F. App'x 508, 510 (9th Cir. 2018) (in context of *Schlup* gateway, stating that the "district court may . . . determine whether an evidentiary hearing is necessary to assess the affiant's credibility or whether the reliability of the affidavit can be determined on its face"); *Quezada v. Scribner*, 611 F.3d 1165, 1168 (9th Cir. 2010) (similar). For example, it is indisputable that P-30 can be found in vaginal fluid, that the DNA result should not have been used against Bolin at his trial due to contamination, and that microscopic hair comparison is an unreliable technique that has no place at trial—especially given the Las Vegas Metropolitan Police Department's 2022 manual that reflects these very conclusions. ECF No. 325 at 42, 43, 49, 55, 235; ECF No. 326 at 40-42 (Ex. 178). At this juncture, Bolin does not know which issues will be contested or require further development at an evidentiary hearing. Thus, to the extent it will help resolve any disputes or concerns, Bolin requests an evidentiary hearing for *Schlup* gateway considerations and for all claims in his Fifth Amended Petition.

II. **ARGUMENT**

Under 28 U.S.C. § 2254(e)(2), unless the petitioner can satisfy one of two possible exceptions, a federal court cannot hold an evidentiary hearing or otherwise consider new evidence on a claim if the petitioner "failed to develop the factual basis of [the] claim in State court proceedings." 28 U.S.C. § 2254(e)(2). However, as discussed below, that statute does not apply to the *Schlup* gateway's application to procedural defenses to claims in a first habeas petition.

Even if it did, it would not apply here because Bolin did not "fail[] to develop" the facts of his claims in state court. Indeed, he repeatedly made requests for evidentiary hearings, the state uniformly opposed them, and the state court denied every request.

### A. Bolin's New Evidence Can Be Considered For All Purposes Under *Schlup*

Bolin seeks an evidentiary hearing to resolve any disputes Respondents may raise regarding the documentary evidence his Fifth Amended Petition already sets forth in support of his *Schlup* fundamental miscarriage of justice gateway. This gateway "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324; *see also Griffin v. Johnson*, 350 F.3d 956, 961-63 (9th Cir. 2003) (to be "new" for purposes of an actual-innocence claim, the evidence need only be "newly presented," i.e., reliable evidence "that was not presented at trial," as opposed to "newly discovered" and thus previously unavailable). Because the *Schlup* gateway—which survived the passage of AEDPA, *House v. Bell*, 547 U.S. 518, 539 (2006)—*requires* a petitioner to present new evidence, section 2254(e)(2) does not apply. Indeed, the Supreme Court has expressly stated that AEDPA's provisions, including section 2254(e)(2), are "inapplicable" to "first federal habeas petition[s] seeking consideration of defaulted claims based on a showing of actual innocence." *Id.*[1] Here, like in *House*, Bolin is seeking consideration of defaulted claims in his first federal petition via the *Schlup* gateway, and the Court can consider all new evidence in support of that gateway.[2]

---

[1] *Shinn v. Ramirez*, 596 U.S. 366 (2022), held that section 2254(e)(2) applies to evidence for purposes of the cause-and-prejudice gateway under *Martinez v. Ryan*, 566 U.S. 1 (2012). *Id.* at 389. However, this holding has not been extended to the *Schlup* gateway analysis, and, even after the Ninth Circuit's decision in *McLaughlin v. Oliver*, 95 F.4th 1239 (9th Cir. 2024), the District of Nevada has not read *Shinn* to apply to *Schlup*. *See, e.g.*, *Taukitoku v. Filson*, 2024 WL 4467613 (D. Nev. Oct. 10, 2024) (analyzing evidence under section 2254(e)(2) for *Martinez* gateway but not for *Schlup* gateway); *see also Barbour v. Hamm*, 2022 WL 3570327, at *2-3 (M.D. Ala. Aug. 18, 2022) (holding *Shinn* does not apply to the *Schlup* gateway and that *Schlup* evidence is not governed by section 2254(e)(2)).

[2] Bolin's Fifth Amended Petition is a "first" federal habeas petition, meaning that it is not a "second or successive" petition under 28 U.S.C. § 2244(b).

1    The Court can also consider this evidence on the merits of any of Bolin's substantive claims to which the evidence is relevant. The *Schlup* gateway recognizes that, in "extraordinary" cases, procedural bars "must yield to the imperative of correcting a fundamentally unjust incarceration." *House*, 547 U.S. at 536; *see Schlup*, 513 U.S. at 324-25 (recognizing "individual interest in avoiding injustice is most compelling in the context of … the execution of a person who is entirely innocent"). When a petitioner's substantive claims depend on the same new evidence that established the fundamental miscarriage of justice exception, refusing to consider that new evidence on the merits defeats the purpose of the exception. Indeed, the Court *must* evaluate the merits of the defaulted claims as part of its *Schlup* analysis to ensure that the trial was free of nonharmless constitutional error. *Schlup*, 513 U.S. at 316 ("[I]f a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims."). To allow the Court to "consider all the evidence, old and new," and "based on a fully developed record," an evidentiary hearing is warranted with regard to Bolin's *Schlup* gateway argument and the merits of his claims; section 2254(e)(2) does not apply. *See House*, 547 U.S. at 537-38 (quoting *Schlup*, 513 U.S. at 327-28).

### B. Even if Section 2254(e)(2) Applied, It Would Not Preclude an Evidentiary Hearing or Consideration of New Evidence Because Bolin Did Not Fail to Develop the Factual Basis of His Claims in State Court

Even if section 2254(e)(2) applied—either for purposes of the *Schlup* gateway or on the merits of Bolin's claims—the Court could still consider Bolin's new evidence. Section 2254(e)(2) does not preclude evidentiary hearings or consideration of new evidence when the petitioner did not "fail[] to develop the factual basis of [the] claim in State court proceedings." 28 U.S.C. § 2254(e)(2). For purposes of this section, the term "failed" means the prisoner must be "at fault" for the undeveloped record in state court—either by a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). Whether a petitioner is diligent "depends upon whether [he] made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it

does not depend . . . upon whether those efforts could have been successful." *Id*. at 435 (emphasis added). "[A] person is not at fault when his diligent efforts to perform an act are thwarted, for example, by the conduct of another or by happenstance." *Id*. at 432. "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id*. at 437. "[T]he proper question when considering a petitioner's diligence 'is not whether the facts could have been discovered but instead whether the prisoner was diligent in his efforts.'" *Libberton v. Ryan*, 583 F.3d 1147, 1165 (9th Cir. 2009) (quoting *Williams*, 529 U.S. at 435).

      Here, Bolin diligently sought an evidentiary hearing in state court in both his first and second state-post conviction proceedings. Within his first state post-conviction petition, Bolin requested an evidentiary hearing at least six times. ECF No. 24 at 12; ECF No. 24-2 at 21, 23, 25, 34 (requesting evidentiary hearing, including with respect to forensic DNA issues and ineffectiveness of trial counsel); *id.* at 48-49 (requesting evidentiary hearing on all claims). Bolin filed a reply brief that contained a specific motion for an evidentiary hearing (ECF No. 62-11 at 14-15), as well as a free-standing motion for evidentiary hearing. ECF No. 62-10 at 2, 16; ECF No. 62-11 at 14-15, 26-28. At a hearing on September 29, 2004, Bolin's attorney again requested an evidentiary hearing multiple times. ECF No. 62-13 at 11-12; ECF No. 62-14 at 7, 17. At a hearing on May 11, 2005, Bolin's counsel again requested an "evidentiary hearing to investigate our client's numerous ineffective assistance claims, especially pertaining to the forensic evidence." ECF No. 63-2 at 10-11 (noting "[w]e have retained a DNA expert"). After the court denied the petition without holding an evidentiary hearing (ECF No. 24-3 at 4-8 (stating "no evidentiary hearing is warranted")), Bolin appealed to the Nevada Supreme Court, including on the grounds that he was entitled to an evidentiary hearing. ECF No. 25-4 at 82-85. His appeal was unsuccessful. ECF No. 24-3 at 10-18. In his second state post-conviction petition, Bolin again requested an evidentiary hearing. ECF No. 323 at 11, 55. His request went unanswered. *Id.* at 138-55. Bolin also diligently attached and cited all of the new evidence that he relies on now: the same new evidence about P-30, the footwear impressions, the microscopic hair analysis, and the jailhouse informant's story, as well as the affidavit of Dr. Forman Neall regarding the

- 6 -
**PETITIONER'S MOTION FOR EVIDENTIARY HEARING**

1   contaminated DNA evidence, and the affidavit of his trial counsel in support of his ineffective
2   assistance of trial counsel claims. *Id.* at 98-99; ECF No. 327 at 226-27.

3         In short, Bolin cannot be faulted for the state court's denial of his repeated attempts to
4   obtain an evidentiary hearing; he was diligent for purposes of section 2254(e)(2). *See West v.*
5   *Ryan*, 608 F.3d 477, 484-85 (9th Cir. 2010) (petitioner was "diligent for purposes of AEDPA"
6   where he made "persistent, though imperfect, efforts to obtain a hearing" in state court, even
7   though "many of his requests . . . concerned other theories of relief" and petitioner failed to follow
8   state's procedural rules); *Libberton*, 583 F.3d at 1165 (prisoner was diligent for purposes of 28
9   U.S.C. § 2254(e) where he "repeatedly asked the state court to grant an evidentiary hearing"—
10  which the state court "consistently rejected"—even though the new evidence "could possibly have
11  been discovered while [he] was litigating in state court"); *Hanson v. Baker*, 766 F. App'x 501,
12  504 (9th Cir. 2019) ("§ 2254(e)(2)'s limitations do not apply" where petitioner "requested an
13  evidentiary hearing, and he sought additional funds in order to hire experts to testify at the
14  hearing"). "Simply put, the state cannot successfully oppose a petitioner's request for a state court
15  evidentiary hearing, then argue in federal habeas proceedings that the petitioner should be faulted
16  for not succeeding." *Correll v. Stewart*, 137 F.3d 1404, 1413 (9th Cir. 1998); *see also Eubanks*
17  *v. Baker*, 2025 WL 275528, at *36 (D. Nev. Jan. 22, 2025) (analyzing section 2254(e)(2) and
18  holding that petitioner whose requests for counsel and an evidentiary hearing were denied "acted
19  diligently in the initial state postconviction proceeding in raising claims and developing the
20  record" "by submitting to the state courts exhibits, including notarized affidavits, to support
21  claims raised by the state petition" and, thus, the court would consider new evidence even though
22  that evidence was available but not included in the state post-conviction record).

23        Because Bolin did not fail to develop the evidence in state court, section 2254(e)(2) does
24  not apply. The Court can hold an evidentiary hearing and consider Bolin's new evidence for all
25  purposes.

26  **III.    CONCLUSION**

27        Bolin does not seek to waste time presenting evidence about facts and issues that are
28  indisputable, nor to bolster documentary evidence where the Court has no concerns regarding

credibility or reliability.  At the current juncture, however, and out of an abundance of caution, Bolin respectfully requests an evidentiary hearing to support his *Schlup* gateway and all claims in his Fifth Amended Petition.

                                       Respectfully submitted,

**DATED**: March 4, 2025         /s/ Julie D. Cantor
                                       JULIE D. CANTOR MD | JD
                                       J. CANTOR LAW

                                       /s/ Jonathan P. Schneller
                                       JONATHAN P. SCHNELLER
                                       KELLY KAMBOURELIS
                                       O'MELVENY & MYERS LLP

                                       /s/ Paola M. Armeni
                                       PAOLA M. ARMENI
                                       CLARK HILL PLC

                                       *Attorneys for Petitioner Gregory Bolin*

**PETITIONER'S MOTION FOR EVIDENTIARY HEARING**

# CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2025, I electronically filed the foregoing document titled Petitioner's Motion for Evidentiary Hearing via the CM/ECF system. The following participants in this case are registered electronic filing system users and will be served electronically:

> Aaron D. Ford, Attorney General
> Erica F. Berrett, Senior Deputy Attorney General
> Jaimie Stilz, Senior Deputy Attorney General
> State of Nevada
> Office of the Attorney General
> 1 State of Nevada Way, Suite 100
> Las Vegas, NV 89119
> (702) 486-3110 (phone)
> (702) 486-2377 (fax)
> eberrett@ag.nv.gov
> jstilz@ag.nv.gov
>
> *Attorneys for Respondents*
>
> Eric W. Swanis, Esq.
> Greenberg Traurig, LLP
> 10845 Griffith Peak Drive, Suite 600
> Las Vegas, NV 89135
> (702) 792-3773 (phone)
> (702) 792-9002 (fax)
> swanise@gtlaw.com
>
> Caroline Heller, Esq.*
> Greenberg Traurig, LLP
> One Vanderbilt Avenue
> New York, New York 10017
> (212) 801-2165 (phone)
> Caroline.Heller@gtlaw.com
> *Admitted pro hac vice
>
> *Attorneys for Amici Curiae the Innocence Project, Inc.*
> *and the Wilson Center for Science and Justice*

I also certify that some of the participants in this case are not registered electronic filing system users. I certify that on March 4, 2025, I mailed a copy of the aforementioned document and exhibit by first-class mail, postage prepaid, to the following unregistered participants:

//

//

//

//

- 9 -
**CERTIFICATE OF SERVICE**

Jennifer Bartlett, Esq.*
Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
(214) 665-3600 (phone)
Jennifer.Bartlett@gtlaw.com
*Admitted pro hac vice

*Attorneys for Amici Curiae the Innocence Project, Inc. and the Wilson Center for Science and Justice*

/s/ Kelly Kambourelis
KELLY KAMBOURELIS
O'MELVENY & MYERS LLP

*Attorneys for Petitioner Gregory Bolin*

- 10 -
**CERTIFICATE OF SERVICE**