UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY D. BOLIN,<br>Petitioner,<br>v.<br>JEREMY BEAN, et al.,<br>Respondents. | Case No. 3:07-cv-00481-ART-CLB<br>ORDER |

In this capital habeas action, there are four matters ripe for resolution by the Court.

## I. Motion for Leave to File Amended Answer

Respondents filed a Motion for Leave to File an Amended Answer to the Fifth Amended Petition for Writ of Habeas Corpus (ECF No. 382) and a proposed Amended Answer (ECF No. 382-1).

Federal Rule of Civil Procedure 15(a)(2) indicates that a party may amend a pleading with the Court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "policy of favoring amendments to pleadings," and courts should apply that policy "with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Rule 15(a) applies to federal habeas cases, just as it does to ordinary civil cases. *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). The Ninth Circuit has held that leave to amend "should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings." *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (quoting *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001). In deciding whether to grant leave, a court may consider any bad faith, undue delay, prior amendments, prejudice to the opposing party, and potential futility of the amended pleading. *Id.* Local Rule 15-

1(a) further requires that a party requesting to amend "must attach the proposed amended pleading" to the motion.

On June 5, 2026, Respondents filed a timely answer to the Petition. ECF Nos. 375; 377. On July 20, 2026, Respondents filed a Response to Brief for Amicus Curiae in this matter. ECF No. 380. In a Declaration in support of the Motion for Leave to File an Amended Answer, Respondents' counsel represents that, while drafting the response to the amicus brief, counsel realized she inadvertently omitted from the Answer the respondents' arguments concerning this Court's ability to consider new evidence, which respondents' counsel had intended to include in the Answer. ECF No. 382 at 4. A review of the Motion to Dismiss confirms that, as Respondents point out, they previously made similar arguments. ECF Nos. 356 at 16–17; 382 at 3. Moreover, Petitioner filed a Limited Non-Opposition to Respondents' Motion for Leave to File Amended Answer stating no opposition to Respondents' filing the proposed Amended Answer attached as Exhibit A to the Motion for Leave to File an Amended Answer. ECF No. 384.

As there is no opposition to the Motion for Leave to File an Amended Answer, and the Court discerns no evidence of bad faith, undue delay, prior amendments, prejudice to Petitioner, or futility of the amendment, the Court grants the Motion for Leave to File an Amended Answer (ECF No. 382). The Court will, moreover, consider the Amended Answer timely filed, *nunc pro tunc*.

## II. Stipulations for Enlargement of Time

The parties filed Stipulations for Enlargement of Time to file a reply to the Answer and to file a response to the reply. ECF Nos. 381; 385. The parties agree that Petitioner should have through November 17, 2026, to file a reply to the Answer and Respondents should have through December 17, 2026, to file a response to the reply. *Id.* The Court finds the requests contained in the Stipulations are made in good faith, and not solely for the purpose of delay, and therefore good cause exists to grant the requests contained in the Stipulations.

Fed. R. Civ. P. 6(b); D. Nev. LR IA 6-1.

**III. Motion to Withdraw as Counsel for Petitioner**

On August 13, 2026, Attorney Kelly Kambourelis of O'Melveny & Myers LLP, filed a Motion to Withdraw as Counsel for Petitioner. ECF No. 383. The Motion includes a certificate of service stating that Kambourelis served the Motion to Withdraw on Petitioner and opposing counsel. *Id.* at 2–4.

Under Local Rule IA 11-6, "[i]f an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel." Although the affected client may file a response to the attorney's motion within 14 days of the filing of the motion, the client is not required to do so. *Id.*

No opposition to the Motion to Withdraw has been filed and the time to do so has expired. Moreover, Petitioner will continue to be represented by lead counsel, Julie Cantor of Cantor Law, and by counsel Jonathan P. Schneller of O'Melveny & Myers, LLP, and Paola M. Armeni of Clark Hill. Accordingly, the Court will grant the Motion to Withdraw (ECF No. 383).

**IV. Conclusion**

I THEREFORE ORDER that Respondents' Motion for Leave to File an Amended Answer to the Fifth Amended Petition for Writ of Habeas Corpus (ECF No. 382) is GRANTED.

I FURTHER ORDER that the Clerk of Court is directed to file the proposed Amended Answer (ECF No. 382-1) as an Amended Answer.

I FURTHER ORDER that the Amended Answer is considered timely filed *nunc pro tunc.*

I FURTHER ORDER that the Stipulations for Enlargement of Time to File a reply to the Answer and to file a response to the reply (ECF Nos. 381 and 385) are GRANTED. Petitioner has through November 17, 2026, to file a reply to the answer and Respondents have through December 17, 2026, to file a response to

the reply. In all other respects, the schedule set forth in ECF No. 334 remains in effect.

I FURTHER ORDER that the Motion to Withdraw as Counsel for Petitioner (ECF No. 383) is GRANTED. Effective immediately, Kelly Kambourelis is withdrawn as counsel for the Petitioner.

I FURTHER ORDER that the Clerk of Court is directed to terminate Kelly Kambourelis from any service lists and terminate the delivery of all CM/ECF notices addressed to kkambourelis@omm.com in the above-captioned case. Julie Cantor, of Cantor Law, Jonathan P. Schneller of O'Melveny & Myers, LLP, and Paola M. Armeni of Clark Hill, should continue to receive notices.

DATED THIS 21st day of September 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE